**HART v. UNITED STATES.**

No. 14011.

United States Court of Appeals
Eighth Circuit.

Dec. 22, 1949.

Rehearing Denied Jan. 11, 1950.

Robert C. Ely, St. Louis, Mo. (appointed by the Court) for appellant. The appellant also filed brief, pro se.

Wm. R. Sheridan, Assistant United States Attorney, Keokuk, Iowa (Mr. Cloid I. Level, Assistant United States Attorney, Denison, Iowa, and Mr. William R. Hart, United States Attorney, Iowa City, Iowa, were with him on the brief), for appellee.

Before SANBORN, WOODROUGH and RIDDICK, Circuit Judges.

PER CURIAM.

This is an appeal in forma pauperis from an order denying a motion of the defendant (appellant), made pursuant to § 2255, Title 28 U.S.C.A., to vacate a sentence of imprisonment.

On September 19, 1947, the defendant appeared in the District Court, and, after waiving indictment and the right to be represented by counsel, entered a plea of guilty to an information which, in seven counts, charged him, under § 317, Title 18 U.S.C.A. (now § 1708, Title 18 U.S.C.A.), with five thefts of mail matter, and, under § 73, Title 18 U.S.C.A. (now § 495, Title 18 U.S.C.A.), with two forgeries of endorsements on Government obligations. The maximum term of imprisonment which might have been imposed for the offenses charged was forty-five years. The court sentenced the defendant to a total of ten years imprisonment.

On June 15, 1949, the defendant filed a motion to vacate his sentence on the grounds: (1) that at the time he entered his plea of guilty he was not represented by counsel and did not competently waive his right to counsel; (2) that his plea was induced by fear and persuasion; (3) that he was not advised by the court of his legal rights; (4) that he was not given an opportunity to make a statement in his own behalf or to present information in mitigation of punishment; and (5) that he was denied a fair trial.

The District Court granted the defendant leave to prosecute his motion in forma pauperis, but denied his requests to be brought before the court and for the appointment of counsel to present his motion. After a hearing, the District Court, on June 25, 1949, entered an order denying the motion upon the ground that the official transcript of the proceedings had in open court at the time of the defendant's arraignment and plea demonstrated conclusively that there was no basis for granting the motion. This appeal followed.

While counsel appointed by this Court to represent the defendant on appeal has made a skillful and vigorous presentation of the defendant's contentions as to a lack of procedural due process, we are satisfied that the District Court reached a correct conclusion. The record demonstrates that the appellant was fully advised of his legal rights, that he voluntarily waived indictment and the right to be represented by counsel, and entered a plea of guilty. After the defendant had entered his plea, the Assistant United States Attorney made a detailed statement to the court of the facts relative to the offenses with which the defendant was charged and as to his previous criminal record. After this recital, the defendant was asked by the court whether he had anything to say about the matter. His reply was, "No, sir." The defendant does not now assert that he was innocent of the crimes charged in the information.

The record also shows that the defendant was not unfamiliar with court procedure. He had been sentenced for burglary, at St. Cloud, Minnesota, and was, at the time of his arraignment, on parole from the Iowa State Penitentiary, to which he had been sentenced by a State court for a term of ten years for breaking and entering.

The order appealed from is affirmed.