## STACKS v. UNITED STATES.
### No. 13262.

United States Court of Appeals
Fifth Circuit.

March 13, 1952.

5. Wheat v. Wheat, 190 Ala. 461, 67 So. 417.

1010

No counsel entered for appellant.

Noel H. Malone, U. S. Atty., Aberdeen, Miss., Chester L. Sumners, U. S. Atty., Oxford, Miss., for appellee.

Before HOLMES, BORAH, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

On August 23, 1948, the appellant, charged with violations of sections 408 and 753h, Title 18, U.S.Code,[1] consented to prosecution by information instead of by indictment, waived his right to counsel, plead guilty to all charges, and was sentenced to a total term of five years imprisonment. On March 29, 1950, appellant filed a motion to vacate the sentence under Section 2255, Title 28, U.S.Code, on the ground that, at his trial, he was denied counsel and, being a layman and "unversed" in legal procedure, he was incompetent to protect his own interests.

On May 17, 1950, appellant filed a petition for issuance of a writ of *habeas corpus ad testificandum*. The district court, in denying the motion and the petition, held that the court records in the case, including an official transcript of the court reporter's notes taken at the time of plea and sentence, showed conclusively that the petitioner with full knowledge of his constitutional rights waived indictment in writing;

that he was fully informed of his right to counsel and stated that he did not desire counsel, but desired to waive indictment and enter a plea of guilty; that he was not friendless or ignorant, but was a man of intelligence; that both he and his mother (who was present with him at the time) knew fully what he was doing. The record shows that the following colloquy occurred in open court:

"Mr. Sumners, U. S. Attorney: I have advised you, and will advise you again now that you have a right to a lawyer to represent you, and if you are unable to hire one, the Court will appoint one for you. You understand that, do you?

"Defendant: Yes, sir.

"Mr. Sumners: And you are advised that you can wait and be indicted by a Grand Jury and be tried in open Court, or you can waive the indictment and go ahead and plead now. You understand that.

"Defendant: Yes, sir.

"Mr. Sumners: Well, with that advise, what do you want to do?

"Defendant: I want to plead now.

"Mr. Sumners: I believe your mother is in the Court Room, is she not?

"Defendant: Yes, sir.

"Mr. Sumners: You understand the Court can impose a penitentiary sentence on you for these charges for a long time?

"Defendant: Yes, sir.

"Mr. Sumners: And I understand from you that you want to waive the indictment by Grand Jury and waive counsel, and enter your plea now? Is that what you want to do?

"Defendant: Yes, sir."

We think the record shows clearly that the appellant was not deprived of any constitutional right, and that his motion was properly denied by the district court. Powell v. United States, 5 Cir., 174 F.2d 470; Chambers v. United States, 5 Cir., 189 F.2d 852; Ray v. United States, 5 Cir., 192 F.2d 658.

Affirmed.

[1]. See 1948 Revised Criminal Code, 18 U.S.C.A. §§ 751, 2311–2313.