Jake RICHARDSON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15110.

United States Court of Appeals
Eighth Circuit.

Dec. 21, 1954.

Jake Richardson, pro se.

Edward L. Scheufler, U. S. Atty., Kansas City, Mo., and Joseph L. Flynn, Asst. U. S. Atty., St. Joseph, Mo., for appellee.

Before GARDNER, Chief Judge, and COLLET and VAN OOSTERHOUT, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying motion of defendant (appellant), made pursuant to section 2255, Title 28 United States Code, to vacate sentence, motion of defendant to withdraw plea of guilty, motion for habeas corpus ad testificandum and writ of attachment, and supplements thereto, and motion for reconsideration of each of said motions.

The defendant in his brief makes the following points:

"Question One: Whether or not, the arrest of the appellant by Federal narcotic agents on March 16, 1953, was unlawful and violated the protection guaranteed him Amendment Four and Five to the Federal Constitution. Whether or not, in violation of Amendment Five to the Federal Constitution the arresting Federal narcotic agents herein involved failed to comply with the requirements of 18 U.S.C.A.Federal Rules of Criminal Procedure, Rule 5(a) after arresting this appellant. And if so, did the trial court herein acquire valid jurisdiction over the instant case herein involved?

"Question Two: Whether or not, in a trial upon an information set forth in three counts, sales of heroin hydrochloride; this appellant was denied his Constitutional rights conferred under Amendments Five and Six to the Federal Constitution; (1) When the trial court failed to comply with the statutory requirements of 18 U.S.C.A.Federal Rules of Criminal Procedure, Rules 7(b), 10 and 11, divested itself of jurisdiction by failing to complete the court: and if so, whether or not, this is grounds for 28 U.S.C.A. § 2255?

"Question Three on appeal herein is, whether or not, in a hearing without a jury upon motions filed in the trial court in conformity with 28 U.S.C.A. § 2255 and 18 U.S.C.A. Foll. 688, Rule 11(a) Criminal Rules 1933, in which events were alleged to infringe the Constitutional rights of this appellant do or do not appear on the face of the record of his conviction, and where this appellants motions raised matters of facts dehors the record, the trial court herein was required to determine the issues, make findings of fact and conclusions of law with respect thereto and produce this appellant in court to be present at the hearing to testify and offer evidence in his own behalf, pursuant to 28 U.S.C.A. § 2255 and 28 U.S.C.A.Federal Rules of Civil Procedure, Rule 52(a)?"

The defendant was arrested on March 16, 1953, without a warrant by narcotic agents. On March 17, 1953, a complaint was filed, a warrant was issued, and the defendant was arrested thereunder and brought before the United States Commissioner. On March 20, 1953, defendant appeared in open court with Kenneth Simon, a competent attorney, appearing for him. After due explanation by the court, he waived indictment in writing, and an information in three counts was filed charging defendant with three separate sales of heroin, in violation of section 2554(a), Title 26 United States Code. Defendant through his counsel waived reading of the information. The Government attorney made an explanation of the charges. Thereupon, the following discussion took place (Tr. 65–66):

"Mr. Simon: Mr. Richardson, you understand that at this time you enter this plea to the information. You understand what the information is, sir, don't you?

"The Defendant: Yes, sir.

"Mr. Simon: You do not have to plead guilty, but you have a right to a trial if you desire one.

"The Defendant: All right, sir.

"Mr. Simon: If you desire the Court will entertain a plea of guilty and it will then be up to the Court to assess the punishment.

"The Court: It will be up to the Court, if he is tried and found guil-

ty. He should understand also that the Court imposes the penalty and not the jury. You understand that?

"Mr. Simon: You understand that, Mr. Richardson?

"The Defendant: Yes, I am to plead guilty.

"Mr. Simon: That is up to you, sir.

"The Defendant: I enter a plea of guilty.

"Mr. Simon: You wish to enter a plea of guilty?

"The Defendant: Yes, sir.

"Mr. Simon: Is that to all three counts?

"The Defendant: Yes, sir.

"Mr. Simon: He wishes to enter a plea of guilty to all three counts, your Honor."

Before sentence the defendant's attorney made a statement to the court in mitigation of the offenses. The statement shows his familiarity with the involved offenses and the defendant's record. The defendant, upon his plea of guilty, was sentenced to two years imprisonment on each count, the sentences on counts 1 and 2 to run consecutively, and the sentence on count 3 to run concurrently with the sentence on count 2.

■ Complaint is made about the March 16 arrest by the narcotic agents. The arrest was made in Missouri, and under Missouri law a private person may make an arrest on showing of actual commission of a felony and reasonable grounds to suspect the accused. No attack was made on this arrest in the original case, and consequently no record has been made thereon. In view of the plea of guilty to this offense, it is extremely likely that the arrest was lawful. In any event, the defendant was lawfully arrested the following day under a proper warrant.

■ Defendant likewise complains of a one-day delay in taking him before a magistrate, and alleged efforts of officers to coerce a confession during such period. No confession was introduced in evidence. By his plea of guilty defend-

ant admitted all material allegations of the information. In Hood v. United States, 8 Cir., 152 F.2d 431, 436, this court said:

"Appellants having entered their pleas of guilty, admitted all the facts charged in the indictment necessary to constitute the offense, and no other proof was necessary, nor was any other proof offered. * * * Whether any confession was obtained would seem to be quite immaterial in view of the fact that it was not used, and in view of the pleas of guilty voluntarily entered by appellants."

See also Friedman v. United States, 8 Cir., 200 F.2d 690.

■ Defendant's counsel in open court waived reading of the information. It is highly improbable that counsel would do this if he had not been furnished a copy of the information. Thereafter, the Government attorney read and explained each count of the information. Under such circumstances, the failure, if any, to provide defendant with a copy of the information was not a denial of due process. Merritt v. Hunter, 10 Cir., 170 F.2d 739; Ray v. United States, 5 Cir., 192 F.2d 658.

■■ The record in this case shows that the court fully complied with Rules of Criminal Procedure 7(b), 10, 11, and 32(a). Defendant was represented by competent counsel, and all his rights afforded by said rules were fully explained and protected. Defendant likewise complains that he should have been permitted to appear at the hearing in the trial court and afforded an opportunity to offer testimony as to coercion used upon him by the officers. The trial court properly found that the record in this case conclusively shows that the defendant was entitled to no relief. As hereinabove pointed out, defendant, after having his rights fully explained and with the benefit of consultation with counsel, voluntarily entered a plea of guilty. The assertion of defendant as to coercion is rather weak, and is completely contradicted by the testimony of the officers. The conviction was not based on any con-

fession, if there ever had been a confession, either in whole or in part. Defendant had a previous criminal record. He had been advised by the court that the power of sentencing rested wholly with the court. In many respects the facts in this case come rather close to those in Hart v. United States, 8 Cir., 178 F.2d 357, in which case the court denied the defendant relief.

Defendant also contends that there was error in refusing to permit him to withdraw his plea of guilty. A defendant who enters a plea of guilty has no legal right to withdraw the plea. An application to withdraw a plea of guilty is addressed to the sound discretion of the trial court, and is reviewable only for an abuse of discretion. The question of the defendant's guilt or innocence need not be determined in such an application. Friedman v. United States, supra. There was no abuse of discretion in denying appellant's application to withdraw his plea of guilty.

We have carefully considered the record and the various matters urged by the defendant and fail to find that defendant has been deprived of any of his Constitutional rights.

The order appealed from is affirmed.