**Raymond J. WATSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14643.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 5, 1958.

Decided Nov. 26, 1958.

Mr. Richard T. Conway, Washington, D. C. (appointed by this court) for appellant.

Mr. Louis M. Kaplan, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Appellant is serving a prison sentence under a judgment entered after he had pled guilty to a charge of forging and uttering a United States Treasury's check in violation of 18 U.S.C. § 495 (1952). From the place of his imprisonment he transmitted to the sentencing court a motion under 28 U.S.C. § 2255 to vacate the judgment of conviction and set aside the sentence. In his motion appellant refers to an "invalidated" confession, which obviously he had signed before pleading guilty and at a time when the record shows he may have been under the influence of narcotics, or at least suffering from a withdrawal of such drugs. Though unskillfully drawn the motion further alleges, adequately enough, that appellant waived his right to counsel because of promises of police officers to assist him in the proceedings, as to which promises he was deceived. The motion to vacate sentence was denied by the District Court without a hearing.

We are clear that the motion alleges appellant was induced by police officers to enter a plea of guilty and to waive his right to counsel. If perchance these allegations be true appellant might well be

---

entitled to relief under § 2255. For this reason the District Court was required by § 2255 to conduct a hearing and to follow the procedures therein set forth.

Appellant also contends that, apart from the question of inducement, his waiver of counsel was not competently and intelligently made. He relies upon Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309. We think the record shows that appellant was adequately advised in respects essential to a competent and intelligent waiver of his right to counsel. The transcript of the arraignment and sentencing proceedings discloses that while the District Court may not have complied with the letter of Von Moltke nevertheless its inquiries of and advice to the appellant complied with the substance of that decision. Our reversal and remand, therefore, rest upon the failure of the court to afford appellant the procedures specified in § 2255 to resolve the issue of inducement of both the plea of guilty and the waiver of counsel, an issue upon which turns the lawfulness of the sentence.

Reversed and remanded.