**Raymond J. WATSON, Petitioner**
v.
**UNITED STATES of America,**
**Respondent.**

**Misc. No. 1240.**

United States Court of Appeals
District of Columbia Circuit.

Aug. 3, 1959.

See, also, 104 U.S.App.D.C. 321, 262 F.2d 33.

———◆———

Mr. Raymond J. Watson, petitioner, pro se.

Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher and Louis M. Kaplan, Asst. U. S. Attys., were on the pleadings for respondent.

Before PRETTYMAN, Chief Judge, and BAZELON and FAHY, Circuit Judges, in Chambers.

PER CURIAM.

This case came on for consideration on petitioner's *pro se* petition for leave to prosecute an appeal in forma pauperis. Upon consideration whereof, it is

Ordered by the court that the petition is granted.

PRETTYMAN, Chief Judge, dissents.

———◆———

Statement of Circuit Judge BAZELON: I do not agree with the Government's assertion that the proposed appeal from the District Court's denial of petitioner's motion to vacate sentence under 28 U.S.C. § 2255 is "frivolous." I state my reasons.

The files and records reveal the following:

1. Petitioner was arrested at 10 P.M. on September 11, 1957,[1] on a charge of forging a United States Treasury check.

2. He confessed on the morning of September 12, 1957.

3. Brought before a United States Commissioner at 3:15 P.M., September 12, 1957, he waived preliminary hearing and was committed to the District of Columbia Jail with a recommendation that he be accorded medical treatment.

4. On October 15, 1957, while the Grand Jury was considering the forgery charge, petitioner, *pro se,* filed a written motion in the District Court, asking leave to waive indictment and stating that he desired to plead guilty to an information.

5. At his arraignment on October 30, 1957, petitioner, after questioning by the District Court, was permitted to waive counsel, waive indictment, and plead guilty to an information. During this proceeding, the Assistant United States Attorney represented to the Court that he believed petitioner "* * * may have been under the influence of a narcotic drug" on September 12, 1957, "* * *

---

1. Petitioner's testimony to this effect is in the record and is uncontradicted.

or at least suffering from a withdrawal * * *." Petitioner confirmed this belief.

6. After petitioner was sentenced, he filed a motion to vacate sentence in the District Court, alleging, *inter alia,* that he was induced to waive counsel and plead guilty by promises of police officers to assist him in the trial proceedings. The District Court denied the motion without hearing.

7. Upon appeal, we reversed and remanded for a hearing on the question of inducement. Watson v. United States, 1958, 104 U.S.App.D.C. 321, 262 F.2d 33. In our opinion, we said:

"In his motion appellant refers to an 'invalidated' confession, which obviously he had signed before pleading guilty and at a time when the record shows he may have been under the influence of narcotics, or at least suffering from a withdrawal of such drugs." [262 F.2d at page 33.]

8. Upon remand, the District Court vacated its judgment, appointed counsel to represent petitioner, and held a hearing. At the hearing there was testimony by the two Treasury agents who arrested petitioner. One agent denied making any promises whatsoever to assist petitioner in the trial proceedings. He further testified that, although petitioner said he was addicted and would like to have medical treatment, and although the agent brought this matter to the Commissioner's attention, petitioner did not appear to be under the influence of narcotics or suffering from withdrawal at the time he executed his confession, but appeared to be "completely normal, rational and very coherent and cooperative." The other agent testified to the same effect. Petitioner, however, testified that he was promised by one of the agents that, if he waived preliminary hearing, the Government would recommend that his bond be set at one thousand dollars and that he be hospitalized. He testified further that he then, at the agents' request, signed a confession which was prepared by the agents and which he had not read. At this time, he testified, he was suffering from narcotic withdrawal and was "in agony and pain."

9. At the conclusion of the hearing, the District Court found that the Treasury agents had made no promises to assist petitioner in the trial proceedings, and that petitioner was in "full possession of his mental faculties and knew what he was doing when he executed the confession." Accordingly the motion was again denied.

Petitioner thereupon filed the present petition for leave to appeal from this denial without prepayment of costs. Among other things, petitioner alleges that the lawyer appointed to represent him at the hearing was unprepared and failed to give him adequate assistance. In his reply, he makes the following assertion:

"Appointed counsel [*sic*] ineffectiveness is supported by the fact that he could have proved that petitioner was suffering from the use of heroin on September 12, 1957 * * * if he would have requested that the Records of the hearing before the commissioner and the D. C. Jail Hospital, be brought before the court in support of petitioner [*sic*] claim of being under the influence of heroin at the time of confession, and that the confession was the product of improper inducement by law enforcement officers."

Since petitioner's claim—that he was addicted to narcotics and was withdrawing on September 12, 1957—is corroborated by the Assistant United States Attorney who appeared at the arraignment, and supported by the action of the United States Commissioner in recommending medical treatment, the question arises why petitioner's prison medical records were not produced at the hearing to show (1) whether he was hospitalized when he was committed to the District of Columbia Jail, and (2) the results of any examination made at that time. If petitioner's claim is borne out by the medical

**556**

records, it might well bear upon the credibility of the Treasury agents' disclaimers that petitioner was in a state of withdrawal from narcotics, and affect the credibility of their testimony that his confession was voluntary; that they did nothing to induce (1) his waivers of a preliminary hearing, indictment and counsel, or (2) his plea of guilty. If petitioner was in fact suffering from withdrawal when he executed the confession, it might become important to determine what effect this confession had on petitioner's plea of guilty. We might not be able to assume that petitioner entered this plea with knowledge that an involuntary confession would be inadmissible in evidence against him. He had no lawyer to advise him. In such circumstances, *the question whether the confession was freely made might be tied to the question whether the guilty plea was induced.*

I am disturbed by many aspects of this case, not the least of which is the delay in bringing petitioner before a Commissioner. If petitioner was an addict, and had received a "dose" shortly before his arrest, his claim that he was feeling the effects of withdrawal would be supported by the length of time elapsing between the arrest and the confession. I am also puzzled about the fact that this lay petitioner with an eighth-grade education was able to file a written legal motion requesting leave to waive indictment and plead guilty to an information.

There is a serious question whether petitioner received the hearing contemplated by 28 U.S.C. § 2255, or by the mandate of this court. "In requiring a 'hearing,' the Section 'has obvious reference to the tradition of judicial proceedings.'" United States v. Hayman, 1952, 342 U.S. 205, 220, 72 S.Ct. 263, 272, 96 L.Ed. 232, citing Morgan v. United States, 1936, 298 U.S. 468, 480, 56 S.Ct. 906, 80 L.Ed. 1288.

In light of the foregoing I conclude that the proposed appeal is not frivolous. I therefore vote to grant the instant petition for leave to appeal in forma pauperis.