Richard O. CAIN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16095.

United States Court of Appeals
Eighth Circuit.

Nov. 6, 1959.

Richard O. Cain, filed brief pro se.

Edward L. Scheufler, U. S. Atty., and Clark A. Ridpath, Asst. U. S. Atty., Kansas City, Mo., filed brief for appellee.

Before GARDNER, VOGEL and VAN OOSTERHOUT, Circuit Judges.

VOGEL, Circuit Judge.

Appellant, Richard O. Cain, appeals from an order of the District Court for the Western District of Missouri overruling his motion brought under 28 U.S.C.A. § 2255 to vacate judgment and sentence. Appellant was first proceeded against in case No. 18,921, wherein he and five others were charged with a conspiracy in violation of 18 U.S.C.A. § 371 and with the transportation, possession and sale of narcotics contrary to the provisions of 21 U.S.C.A. § 174, 26 U.S.C.A. § 4704(a) and 26 U.S.C.A. § 4705(a). Subsequently, in case No. 19,832, the defendant and one other were charged in three counts with additional narcotic violations. Upon waivers of indictment and pleas of guilty, the appellant was, on April 12, 1957, sentenced to serve for both cases a total period of 20 years' confinement. On July 28, 1958, appellant filed his motion to vacate judgment and sentence under § 2255, subsequently amending the same on July 31, 1958. The gravamen of his charge was that from the time of his arrest through the time of his arraignment and the imposition of sentences he was under physical and mental coercion and duress to such an extent that the proceedings against him and particularly his pleas of guilty were invalid and should be set aside, and that to that end he should be granted a hearing to testify in support of his contentions. Following an exhaustive review of all proceedings, Chief Judge Duncan of the District Court found that the appellant's complaints "are entirely without foundation in fact and law," " * * * that the defendant Cain knowingly and intelligently waived

submission to the grand jury and entered his pleas of guilty with the full and complete knowledge of all of his constitutional rights, and that his motion is baseless, without foundation in fact or legal substance", and overruled the motion without granting appellant's request for a personal hearing. Appeal to this court was perfected. Delay in disposition has been occasioned by several time extensions granted at the request of appellant.

28 U.S.C.A. § 2255, under which appellant's motion was made, provides that a prisoner claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States or that the court was without jurisdiction or that the sentence was in excess of the maximum authorized by law or otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct it. Additionally, it provides:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. * * *

"A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

It is claimed here that the trial court committed error in entertaining and determining appellant's motion without granting his request for personal presence at a hearing. We have sent for and examined in detail the two District Court files including transcripts of all proceedings before the District Court and are satisfied that it was correct in holding that no personal hearing was necessary and that appellant's claims before this court are without merit.

■ While the general rule is that a hearing is necessary prior to the dis-

position of all § 2255 motions presenting factual issues, Teller v. United States, 6 Cir., 1959, 263 F.2d 871; Watson v. United States, 1958, 104 U.S.App.D.C. 321, 262 F.2d 33; Kennedy v. United States, 5 Cir., 1957, 249 F.2d 257, certiorari denied 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982, this requirement is subject to the statutory qualification that the files and records of the case may be sufficient alone to dispose of the motion where they "conclusively show that the prisoner is entitled to no relief". Thus, the records of the prior proceedings may so completely affirmatively rebut the motion's contentions as to make a hearing unnecessary. Johnson v. United States, 6 Cir., 1956, 239 F.2d 698, certiorari denied 354 U.S. 940, 77 S.Ct. 1404, 1 L.Ed.2d 1539; Richardson v. United States, 8 Cir., 1954, 217 F.2d 696; United States v. Sturm, 7 Cir., 1950, 180 F.2d 413, certiorari denied 339 U.S. 986, 70 S.Ct. 1008, 94 L.Ed. 1388. In addition, they may have this effect by demonstrating that the petitioner had prior opportunities to urge the claims of his motion and failed to do so, thereby raising a conclusive inference of their invalidity. Kyle v. United States, 2 Cir., 1959, 266 F.2d 670, certiorari denied October 19, 1959, 80 S.Ct. 131; Juelich v. United States, 6 Cir., 1958, 257 F.2d 424, certiorari denied 358 U.S. 847, 79 S.Ct. 72, 3 L.Ed.2d 81; Donovan v. United States, 10 Cir., 1953, 205 F.2d 557; United States v. Newman, D.C.1954, 126 F.Supp. 94. Cf., Canizio v. People of State of New York, 1946, 327 U.S. 82, 66 S.Ct. 452, 90 L.Ed. 545 (coram nobis petition). This court has said, in affirming the denial of a hearing on a § 2255 motion:

"The mere denial of that which the appellant had theretofore admitted does not raise a substantial issue of fact within the meaning of Section 2255 or the Supreme Court's pronouncements in the Hayman case. (United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232) There must be some reasonable basis for causing a question to arise which was not determined prior

thereto, such as in the Hayman case—a possible conflict of interests on the part of counsel allegedly unknown to the defendant at the time of trial. As we have already pointed out, the official transcript here refutes appellant's contentions. * * * He and his counsel had every opportunity to tell the court of any threats or coercion used against him.

" * * * It is not the intent of Section 2255 nor the meaning of United States v. Hayman, supra, to require a hearing upon the mere assertion that a prior plea was false. To so interpret the statute and the Hayman case is to say that every time a defendant desires to change his mind as to the reason for entering a plea a hearing must be held with the defendant present." Burgett v. United States, 8 Cir., 1956, 237 F.2d 247, 251, certiorari denied 352 U.S. 1031, 77 S.Ct. 596, 1 L.Ed. 2d 599.

The record here shows that the appellant had numerous opportunities during the course of the various proceedings to challenge the validity of his pleas and, therefore, under the above-cited authority he was not entitled to a hearing.

First, it should be noted that at all times beginning with his arrest the appellant was represented by Mr. Kenneth K. Simon, an attorney of the appellant's own choice and employment and of whom Chief Judge Duncan stated:

"Next, the parties were arraigned on April 5, 1957, before the judge of this court, at which time the parties again appeared with an attorney of their own selection, (except Doris Smith), Mr. Kenneth K. Simon, who is an experienced attorney at this Bar, and who handles many criminal cases in the state and federal courts, and is entirely familiar with every phase of criminal procedure both in this and the state courts."

See also this court's reference to Mr. Simon in Richardson v. United States, supra.

On April 5, 1957, the appellant, together with co-defendants, appeared in the United States District Court before Chief Judge Duncan with his attorney who stated to the court that it was the desire of each of the defendants to waive presentment to a grand jury and to consent to prosecution by information. Judge Duncan then said:

"Let me explain it to them so that it will be a matter of record. I don't want any kickback from these things."

Thereupon, with most commendable care and caution, the court explained to the defendants their rights with reference to waiving presentment to a grand jury and carefully asked each individual defendant, including this appellant, what they wanted to do. Appellant replied:

"I waive it."

The appellant and his co-defendants were then advised that it would take some time to prepare the informations and that the cases would be continued for further consideration until April 12, 1957.

On April 12th, the appellant and his co-defendants with their counsel were again in court, at which time the government filed an information in 12 counts and the following proceedings were had:

"The Court: Let us proceed with these other cases, Alston, Adams, Buck, Cain, Lee and Smith.

"Mr. Flynn: Your Honor, each of these defendants was in court on the 5th day of April and waived indictment. The United States Attorney now files an information in a total of 12 counts, a copy of which has been provided Mr. Simon. Do you waive the formal reading of this information?

"Mr. Simon: We would like to waive the formal reading. We have been furnished with a copy yesterday and the contents thereof have been read to each of the defendants.

"The Court: All right. What is the charge?

"Mr. Flynn: The first count is the conspiracy which involves all six defendants. What is the plea of the defendant Cain to Count 1?

"Mr. Simon: Richard?

"Defendant Cain: Guilty.

"The Court: First count, Cain, guilty."

The transcript then discloses that similar inquiry was made of each of the co-defendants, all of whom entered pleas of guilty to Count 1. Thereupon, the transcript indicates:

"The Court: All the defendants plead guilty to Count 1.

"Mr. Flynn: Count 2 involves only Richard Oliver Cain. How does the defendant Cain plead to Count 2?

"Mr. Simon: I understand the defendant desires to plead guilty to Counts 1, 2, 3 and 4 of this information. Is that right, Richard?

"Defendant Cain: That's right.

"The Court: Is that your plea, Mr. Cain?

"Defendant Cain: Yes, sir.

"The Court: Defendant Cain pleads guilty to counts what?

"Mr. Simon: 2, 3 and 4.

"Mr. Flynn: Counts 2, 3 and 4.

"The Court: Defendant Cain pleads guilty to Counts 2, 3 and 4."

After other co-defendants had been taken care of as to pleas, the following transpired:

"Mr. Flynn: Your Honor, I have another case here. Mr. Simon, have you discussed with Richard Oliver Cain and Doris Mae Smith this other charge?

"Mr. Simon: We have. We have been furnished copies of the information. They will desire to waive indictment in that case and execute the waivers.

"The Court: Defendants waive indictment.

"The Clerk: Your Honor, this will be No. 19,832.

"The Court: Waiver of indictment by each defendant.

"Mr. Flynn: Waiver of indictment being filed, the United States Attorney now files an information in three counts. Copy of this information was provided. Do you waive the formal reading of that information?

"Mr. Simon: We have been furnished a copy of the information and the defendants have been advised of the contents and they desire to waive the formal reading.

"Mr. Flynn: What is the defendant Cain's plea to Count 1?

"Mr. Simon: 2 and 3—that is the second case. Do you desire to plead guilty to Counts 1, 2 and 3 in this case? You don't have to—it's up to you. That is the second case.

"The Court: This is a conspiracy?

"Mr. Flynn: No, your Honor, this is Interstate transportation, the purchase after improper importation into the country. It's in three counts.

"Mr. Simon: What is your desire, Mr. Cain?

"Defendant Cain: I plead guilty.

"Mr. Simon: To Counts 1, 2 and 3 of the information?

"Defendant Cain: Yes."

After obtaining a plea of guilty on the part of co-defendant Doris Smith to Counts 1, 2 and 3 of the second case, the United States Attorney thereupon, in the presence of the appellant and his attorney, apprised the court of the activities of the defendants who had entered pleas of guilty and who were to be sentenced, including the appellant herein. The court then asked Mr. Simon, attorney, for the defendants, to speak in their behalf and gave to the defendants personally a similar opportunity. Mr. Simon proceeded to explain appellant's narcotic addiction and to point out the fact that he had a wife and four children. Appel-

lant Cain remained silent save to answer the specific questions of the court as to the facts of his background.

On May 10, 1957, following the sentencing of April 12, 1957, the appellant, through his attorney, made a motion for reduction of sentence under Rule 35, F.R.Cr.P., 18 U.S.C.A. After alleging the various charges and the fact that the appellant entered pleas of guilty thereto and received a sentence totalling 20 years, the appellant asked that the sentence be reduced " * * * on the grounds of best serving the ends of justice and the best interests of the public, as well as that of the defendant and his family ". In his suggestions in support of the motion to reduce the sentence, Attorney Simon stated, *inter alia:*

> "It is felt that even though this case may be somewhat aggravated on the facts that a reduced sentence would be proper and in order in the best interest of justice.

> "It is felt that some consideration should be given to the waiving of indictment and avoiding the expense and delays of a jury trial."

Appellant's brief asserts that he notified his attorney of his claimed mistreatment five days before his first appearance in court, yet at no time during any of the proceedings did the appellant or his attorney claim that the appellant was under physical or mental coercion or duress, although ample opportunity was afforded at numerous times for either or both of them to do so. Even on the occasion of appellant's motion to have sentence reduced there was not the slightest indication that the appellant intended to or did claim that his various pleas of guilty were given under threats or duress. Further, the record indicates that the appellant was released on bond of $10,000.00 on March 26, 1957, and was at liberty for a period of four days before his subsequent confinement and arraignment which fact tends to indicate the likely voluntary nature of his later plea.

The trial judge who presided at all appearances of the appellant in the District Court, after reviewing all the proceedings, and additionally having had the advantage of personally seeing and hearing the appellant during his District Court appearances, found that the appellant's complaints "conclusively show that the prisoner is entitled to no relief,". 28 U.S.C.A. § 2255. We think the files and records in the case, which we have examined in detail, show conclusively the correctness of Judge Duncan's ruling. In reaching this conclusion, we are mindful of the opinion in Johnson v. United States, supra, in respect to the construction to be given to § 2255, wherein the court stated:

> " * * * we cannot believe that the Supreme Court intended in its care for the protection of human liberty to impose upon the inferior courts the duty of recalling, years after action in criminal cases, prisoners for rehearings based on obviously nebulous and false accusations. In this case, we are convinced that an oral hearing, if granted to the petitioner, could not remotely rebound to his benefit." 239 F.2d at page 699.

In addition to the claim of coercion and duress, appellant's motion complains of numerous events in the proceedings against him to include his arrest by local police officials while on the premises of the federal courthouse, the duration of the period he was held in federal custody before his arraignment, and the increasing of his bond by the District Court. We agree with the court below that these various contentions are without merit and, further, having found appellant's pleas of guilty to be voluntary and valid, that he is now without standing to so complain. Hornbrook v. United States, 5 Cir., 1954, 216 F.2d 112; United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342, certiorari denied 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659; United States v. Bistram, D.C.N.D.1957, 153 F.Supp. 816, affirmed, 8 Cir., 253 F.2d 610; Wal-

ker v. United States, D.C.N.J.1957, 154 F.Supp. 648, affirmed, 3 Cir., 251 F.2d 616, certiorari denied 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365.

The order appealed from is affirmed.