**STATE of Missouri, Respondent,**

**v.**

**Gordon Lee COOPER, Appellant.**

**No. 50623.**

Supreme Court of Missouri, Division No. 2.

June 13, 1966.

Norman H. Anderson, Atty. Gen., Thomas J. Downey, Asst. Atty. Gen., Jefferson City, for respondent.

No appearance for appellant. ·

BARRETT, Commissioner.

While set forth in a long, single-count petition, commingled with extensive argument and brief, this is in fact a two-pronged proceeding by a prisoner under life sentence to (1) withdraw a plea of guilty under Criminal Rule 27.25, V.A.M.R., and (2) a motion to vacate sentence and judgment under Criminal Rule 27.26. The court in which the appellant, Gordon Lee Cooper, was originally sentenced examined the combined motions and "all of the records of this cause" and found that the motions (a) did not state "facts sufficient to constitute a cause for relief," and (b) that "substantially the same issues involved in both of these motions" had been previously decided against the petitioner in another 27.26 proceeding (State v. Cooper, Mo., 344 S.W.2d 72, certiorari denied 368 U.S. 855, 82 S.Ct. 91, 7 L.Ed.2d 52) and therefore summarily denied relief. He has been furnished a transcript of this proceeding and again has been permitted to appeal to this court.

And before considering this appeal it is necessary to note the original charge and the circumstances in which it was filed. The appellant was charged with and entered a plea of guilty to robbery in the first degree. In brief the circumstances were these: On June 16, 1953, Cooper, then 32 years of age, was being held in the Butler County jail "for safe keeping for Stoddard County." On that date when the jailer Landreth went to the jail to feed the prisoners, Cooper and another prisoner "jumped on Deputy Sheriff Landreth and beat him up severely," took the jail keys and $160 in cash from his person, and escaped. On July 6, 1953, Cooper, after the appointment of two lawyers to represent him, entered a plea of guilty in the circumstances set forth in the former opinion, 344 S.W.2d 72, and was sentenced to life imprisonment. These facts appear from the former appeal and upon this appeal in complaining of the prosecutor's failure to give the court certain information the appellant supplies these additional facts; "He failed to inform the Court as to the facts concerning the escape from jail. He failed to inform the Court that Mr. Landreth's wallet was picked up from the floor after the terrible struggle and fight between Mr. Landreth and the defendant that took place at the time of the escape and that said wallet was picked up by the defendant, after defendant had Mr. Landreth locked into a cell and was on his way to the elevator shaft to leave the jail. He failed to inform the Court or describe the 'so-called' blunt instrument in some small way or to introduce such weapon into Court as evidence in the cause."

In this background all the parties, the state as well as the appellant, are proceeding under a number of misapprehensions as to the force and effect of what has gone on before and what is open to consideration upon this appeal in this particular proceeding. The state has cited and relied upon cases, as State v. Howard, Mo., 383 S.W.2d 701, in which the appellant had first been tried before a jury and appealed

his conviction to this court and. thereafter instituted a 27.26 proceeding collaterally attacking the judgment. In those cases there was of course available to the court and the parties a full transcript and matters were or might have been presented which could not arise where as here there was a plea of guilty in the first instance. Then too upon his prior appeal in a 27.26 proceeding Cooper raised four specific matters against the judgment and sentence. They were in substance (1) that he was charged by information rather than by an indictment, (2) that he was denied the right to appear and prove certain allegations, (3) that he was denied a preliminary hearing and (4) that jurisdiction of his cause was in the magistrate court, not the circuit court. This court carefully considered each of these matters, found that they were without merit and of course affirmed the trial court's denial not only of a hearing on the petition but of its summary dismissal of the proceeding. But the four matters raised in that appeal are not again raised in this proceeding and obviously the opinion in that case is not conclusive as to the entirely different matters sought to be raised in this proceeding, particularly as to the motion to withdraw the plea of guilty under rule 27.25. On the other hand, while apparently recognizing the necessity of invalidating and setting aside his plea of guilty, the appellant nevertheless attempts to raise certain matters that could only have occurred upon a jury trial of the robbery charge on its merits, evidentiary matters and other questions that necessarily would have been in a motion for a new trial or considered only in an appeal on its merits and this he may not do upon this particular appeal. State v. Worley, Mo., 371 S.W.2d 221; State v. Cerny, 365 Mo. 732, 286 S.W.2d 804; Richardson v. United States, (Eighth Circuit) 217 F.2d 696. And these matters, such as failure of the state to produce the "blunt instrument" with which Cooper struck Mr. Landreth, will neither be set forth nor considered upon this appeal, it is sufficient to say that

his own statement of the facts demonstrates his guilt of robbery in the first degree and in the circumstances a punishment within the statutory limits. RSMo 1959, § 560.135, V.A.M.S.; State v. Churchill, Mo., 299 S. W.2d 475.

In his petition the appellant sets forth nine of these "allegations raised in point and authorities cited" all of which he claims in one way or another infringe his constitutional rights or constitute reasons why he should, thirteen years after the event, be permitted to withdraw his plea of guilty. Mere conclusions aside, five of these points are related and attempt to present the question that arises when both court and counsel, often when there is a lack of defense counsel, are misinformed as to a prisoner's prior felony record resulting in a "careless or designed pronouncement of sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process." Townsend v. Burke, 334 U.S. 736, 741, 68 S.Ct. 1252, 1255, 92 L.Ed. 1690, 1693; Ex parte Hoopsick, 172 Pa.Super. 12, 91 A.2d 241. Needless to say due process does impose some restraint "to assure the essential fairness of the procedure by which a judge shall exercise discretion in fixing punishment within permissible limits" (Annotation 3 L.Ed.2d 516) but upon this record there is no allegation of fact and no circumstance making a fact issue as to any material matter entering into the appellant's plea of guilty and sentence.

Going only to the withdrawal of his plea of guilty his claim of "false information" does not relate to his prior felony record, which, incidentally is not denied, it relates only to an assertion that the court was misinformed as to any "detainers or 'hold orders' that he (the prosecuting attorney) claimed was issued by Federal authorities and State authorities from Stoddard County, and placed against this defendant, in the hands of the Sheriff, to be delivered to

the Warden of the Missouri State Penitentiary when he delivered the prisoner to this institution." To support this assertion the appellant attaches his letters to the Sheriff of Butler County, an answer letter by a deputy sheriff, and letters to and from the records clerk at the penitentiary in Jefferson City. These letters indicate that there was no "detainer" at these two points for the appellant. But as stated, there is no denial of his prior felony record and there is no denial of the substantive offense of robbery—his own statement here is a tacit admission of guilt. And even if there was no "detainer" and even though the court was incorrectly informed as to this fact, it is obvious from his initial incarceration in the Butler County jail for "safe keeping" for Stoddard County that there could have been a "hold order" for some offense other than the robbery charge to say nothing of his assault upon the deputy sheriff and his escape from the Butler County jail.

■ Furthermore, the facts recited in State v. Cooper, Mo., 344 S.W.2d 72, show that the appellant and his counsel were fully and clearly informed as to the charges and had every opportunity to correct any misstatements by the prosecuting attorney which may have entered into the judge's fixing of punishment. There was no holding out here of false hope, no fraud and no inducement to enter a plea of guilty as in State v. Hovis, 353 Mo. 602, 183 S.W.2d 147. On the contrary, the plea of guilty was advisedly entered, as his counsel said to the court in 1953, "We had several conferences with the defendant. It appears that his talents and energies have been misdirected on several occasions. In view of his past record and the present charges pending against him, as his attorneys, we have recommended that he take this step in pleading guilty before the Court at this time, *upon his advice that he is guilty of this charge.*" Upon this record, made when the appellant entered his plea of guilty, the allegations upon which he now relies, the mere lack of any "detainers," are insufficient, even assuming the truth of the as-

sertions, to demand the setting aside of his plea of guilty under rule 27.25 or to state a claim for "collateral attack" and relief under rule 27.26. State v. Harris, Mo., 382 S.W.2d 642.

■ The appellant's other claim, particularly as to the withdrawal of his plea of guilty, is that he entered a plea of guilty "because of fraud and collusion, apprehension and lack of representation by court appointed counsel. There was collusion and agreements between defendant's court appointed counsel and counsel for the state, which were never revealed to defendant in their true form. Defendant was under constant duress and threatened with the gas chamber. He was lead to believe by his counsel that he had no defense, and that there were no mitigating circumstances when, in fact there were, and the petitioner or defendant did have a good defense. There were circumstances that would have merit a charge of assault and jail break at the very most. Counsel for the state and the defendant had full knowledge of this."

The appellant does not relate any "mitigating circumstances" and he does not set forth any fact or circumstance that would constitute a "good defense" to the charge of robbery and it requires no illustration to demonstrate that his mere conclusionary charges and assertions as to his counsel and the state's counsel are without foundation and in no event state a claim upon which he is entitled to a hearing (State v. Harris, supra) and the order summarily overruling the appellant's motions is affirmed. State v. Cerny, supra; State v. Worley, supra; Richardson v. United States, supra; State v. Howard, Mo., 383 S.W.2d 701.

STOCKARD, C., concurs.

PRITCHARD, C., not sitting.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.