**Grant BROWN, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 17, 1967.

As Modified on Denial of Rehearing Jan. 19, 1968.

Lowell W. Lundy, Pineville, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of a third offense violation of the local option law and sentenced to prison for one year. To reverse the conviction it is contended that the trial court erred (1) in not providing appellant with a copy of the indictment and (2) in instructing the jury.

On October 10, 1966, an indictment was returned charging appellant with the third offense violation of the local option law. KRS 242.230; 242.990. The indictment contains four paragraphs, the first of which sets out a violation on August 20, 1966, of possessing, for the purpose of sale, alcoholic beverages in violation of the local option law. The second and third paragraphs of the indictment contain allegations of appellant's convictions of violations of the local option law on October 18, 1960 and October 13, 1965, respectively. The fourth paragraph of the indictment alleges a violation of the local option law on August 12, 1966.

On October 12, 1966, appellant appeared in court represented by employed counsel, waived arraignment and entered a plea of not guilty. When the case was called for trial on January 16, 1967, appellant's counsel asked for a continuance on the ground that the copy of the indictment he had obtained from the office of the Commonwealth's Attorney was different from the one upon which he was being prosecuted. The true indictment contains an allegation in paragraph four that appellant had unlawfully sold whiskey on August 12, 1966, while the copy which appellant had did not embrace this allegation.

Counsel for appellant does not claim that the Commonwealth's Attorney was responsible for the fact he obtained an erroneous copy of the indictment, but he does argue that he was entitled to receive a true copy of the indictment under RCr 8.02, which formerly provided that the accused "shall be given a copy of the indictment or information before he is called upon to plead."

The trial court overruled the motion and pointed out that the indictment had been returned on October 10, 1966, and that appellant was represented by counsel and that the indictment had been available for counsel's examination and inspection.

■ It is clear from the language of former RCr 8.02 that an accused was entitled to have a true copy of an indictment for the purpose of being informed of the offense with which he is charged. In the instant case appellant was informed on October 12, 1966, that he was to be placed upon trial on January 16, 1967, for violating the local option law. Upon his arraignment on October 12, 1966, he waived the reading of the indictment. It is highly improbable that counsel would do this if he had not been informed of the charges against appellant prior to the arraignment. We are unwilling to permit counsel to rely on an unofficial and erroneous copy of an indictment when counsel had had several months to obtain a true copy from the court or its clerk. Under the circumstances of this case we find no denial of due process.

Richardson v. United States, 8 Cir., 217 F. 2d 696.

■ It is further contended that appellant was entitled to either have a directed verdict on the count embraced in paragraph four of the indictment or was entitled to have it submitted to the jury. RCr 6.18 specifically permits joinder of offenses and KRS 242.990(1) provides more severe penalties for successive convictions for violations of the local option law. Therefore a number of offenses as well as a number of prior convictions are properly chargeable in the indictment. Since the trial court ignored the count contained in paragraph four of the indictment when it submitted the case to the jury we are of the opinion that appellant could not have been prejudiced by such procedure. We conclude that the procedure employed was beneficial to appellant because, in effect, it constituted a dismissal of one of the alleged violations of the local option law.

The judgment is affirmed.

All concur.