James Lee **FRANKLIN**, Movant-Appellant,

v.

**STATE** of Missouri, Respondent.

No. 57332.

Supreme Court of Missouri, Division No. 2.

Dec. 10, 1973.

Benjamin Uchitelle, Fred H. Eppenberger, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for movant-appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

PER CURIAM:

Movant, James Lee Franklin, sought post-conviction relief under Rule 27.26, V.A.M.R.; the trial court denied relief; and, movant appealed prior to January 1, 1972.

On July 1, 1944, following a jury verdict of guilty and assessment of the death penalty, the trial court sentenced movant to life imprisonment for the murder of a three year old girl. At all times of interest, movant was represented by self-employed counsel. No appeal was taken.

On April 22, 1968, movant with counsel initiated his first Rule 27.26 proceeding; an evidentiary hearing was held and relief was denied. An appeal was taken and the judgment of the trial court was affirmed in an opinion of this court reported at 455 S.W.2d 479 (1970).

On March 11, 1971, movant filed his second Rule 27.26 motion which is now before this court on appeal after the trial court denied relief as prayed for therein. The motion contained allegations (1) that he was denied his essential right to effective legal assistance by reason of the failure of counsel to appeal the original judgment, (2) that he is entitled to have his "criminal responsibility" resolved under the guidelines of Section 552.030, RSMo 1969 (enacted approximately twenty years after the original trial); and (3) that the trial court lacked jurisdiction over his person.

■ Points (2) and (3) were before the court in the appeal considering the first Rule 27.26 motion. In that appeal, as shown by the opinion at l. c. 482, movant also alleged ineffectiveness of counsel as he does again in point (1). At that time, he submitted "numerous alleged omissions of trial counsel" and the court considered each of the same "without extended comment as to whether or not they [might] be considered in [the] proceeding."

■ However, it is true that the fact self-employed counsel did not file an appeal after the trial court reduced the penalty of death, assessed by the jury, to life imprisonment was not submitted for consideration.

Rule 27.26(d) provides:

"The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to the provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion."

Movant was afforded experienced and ingenious counsel at all stages of the proceedings relating to his first motion, and he has failed to establish that the "new ground" now presented "could not have been raised by him in the prior motion."

The judgment is affirmed.

All of the Judges concur.