**Jack W. BABCOCK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 27108.**

Missouri Court of Appeals,
Kansas City District.

March 3, 1975.

Motion for Rehearing and/or Transfer
Denied March 31, 1975.

William G. Mays, II, Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

Defendant appeals from a denial of his second motion under Rule 27.26, V.A.M.R., to vacate a sentence of imprisonment. His sole complaint in the trial court on his current motion was that the sentence was imposed pursuant to misinformation and a misunderstanding of facts by the sentencing judge. The trial court sustained the State's motion to dismiss on the ground that this issue had already been raised and passed upon in the first post-conviction proceeding. Defendant denies that his current complaint was actually presented in his first 27.26 proceeding, and he further contends that he could not have raised his present point under the state of the law as it existed at that time.

These proceedings originated with an information for murder filed against defendant and others in 1948. Defendant and his confederates broke into a building in Randolph County, Missouri, on the evening of December 7, 1947, and held up a dice game in which there were a number of participants. In the course of this burglary-robbery, one of the people in the building was shot and killed.

After defendant was arrested, he and one of his co-defendants were transferred on change of venue to Boone County, where they managed to escape from jail. They were apprehended in Arkansas and returned to Missouri for trial. Plea bargaining eventually took place, defendant and his co-defendant, Wiley, changed their pleas from "not guilty" to "guilty," and a hearing in connection with the change of plea was held before Judge Dinwiddie in January, 1949.

At that time, the Randolph County prosecutor, Mr. Semple, made a statement in open court, in the course of which he said:

"In my home jurisdiction, in Randolph County, in addition to the charges that these men have pleaded guilty to there are a number of charges, in fact five first degree armed robbery charges that could be filed against each of these men, in addition to the murder charge. In this jurisdiction, several charges could be filed for escape or attempted escape from jail while incarcerated here. I understand these gentlemen are wanted in other jurisdictions for things done after they were on the loose after escaping from the jail in Boone County."

Immediately following the statement by the prosecutor, defendant's counsel made a reply statement in which he stated in part:

"Of course, Mr. Semple and Mr. Lange have made a statement to Your Honor concerning these other charges, to wit, the robberies which were committed in Randolph County and some matters here in Boone County, such as the escaping from the jail here and an attempt to escape. For the record, I would like to have Your Honor take into consideration those offenses also in assessing your judgment against these defendants."

At the close of the statements by counsel, the court proceeded to sentence the two defendants, and in that connection he made the following remarks:

"Now you have in this case here a charge of murder in the second degree. You have also got a charge under these facts of armed robbery, which is punishable by life imprisonment or death.

"Now, of course, it is not proven but I think it is conceded by 'most every one here that these two defendants have staring them charges under the Dyer Act and other robbery or burglary charges. I think there is no difference, if they were made to serve it out, between a twenty-five year sentence and a life-sentence,—in fact, I think the life termer has a better opportunity, if he behaves himself, to get clemency, than the other. That is a natural situation because the parties who have those things to deal with feel that the Court has more or less given a sentence to wipe the slate clean."

Following the imposition of these life sentences, Mr. Lang as prosecuting attorney of Boone County, stated that he would not file charges against the two defendants for breaking jail in Boone County. Mr. Semple, as prosecuting attorney of Randolph County, stated that "as to any other felonies that occurred around the 7th of December 1947, in Randolph County, that were committed by these two gentlemen, I do not intend to prosecute them further,—in view of the judgment the Court has just passed in this case."

In connection with all of the proceeding described, defendant Babcock sat silent and made no protest with respect to the recital of other potential criminal charges against him. As a matter of fact, at his allocution, when Judge Dinwiddie asked if he had any legal reason to show why judgment and sentence should not be pronounced, Babcock answered "No, sir."

On December 22, 1969, defendant filed his first 27.26 motion which was heard before Judge Romjue. On that motion, defendant presented a number of contentions, among which was the argument that "[t]he sentence was based on misrepresentations by counsel for the state concerning prior crimes allegedly committed by petitioner." Defendant also raised the point that he had been deprived of effective assistance of counsel because his counsel had failed to correct misstatements in the prosecuting attorney's recital of facts in the plea proceedings. In connection with those points, Judge Romjue found as follows:

"(e) Movant agreed that the circumstances related in Mr. Semple's statement to the Court prior to sentence were substantially accurate. * * *

\* \* \* \* \* \*

"(m) The Court finds from a reading of *all* the remarks of Judge Dinwiddie at the time of sentencing, that the life sentence was not imposed because of any possible offenses committed by movant after his escape, but rather because of the possibility of the armed robbery and escape charges being filed and 'to wipe the slate clean'." (Emphasis by Judge Romjue.)

Defendant appealed from Judge Romjue's ruling which was affirmed by the Supreme Court in Babcock v. State, 485 S.W.2d 85 (Mo.1972). In passing, the Supreme Court opinion commented that "there was no question of accuracy of facts stated by the prosecuting attorney and counsel in the plea proceedings."

Seizing upon that cursory remark, defendant filed the present and second 27.26 motion on June 5, 1973. A full evidentiary hearing was held by Judge Adams, at which defendant testified that he had not stolen or participated in transporting a stolen car from Missouri into Arkansas, that he had not participated in an attempt to escape from jail after Wiley and he had returned from Arkansas, and that he had committed no crimes during his period of escape. At the conclusion of the hearing, Judge Adams made findings of fact and conclusions of law and sustained the State's motion for judgment on the pleadings. Judge Adams' conclusions of law read in part as follows:

"In as much as the only ground raised in Movant's instant motion is a ground actually included in his prior motion to vacate and was in fact raised and passed upon by Judge Romjue, whose judgment was affirmed by the Supreme Court in Babcock vs. State, supra, said instant motion is a 'second or successive motion for relief on behalf of' Movant within the [meaning] of Supreme Court Rule Number 27.26(d) and should not be 'entertained.' "

A review of the procedural history of this case shows some merit in defendant's position that his present contention was not presented in the same precise form in the first 27.26 proceeding before Judge Romjue. The first proceeding was aimed at the questions of whether the prosecutor had misrepresented facts and whether defendant had received effective assistance of counsel at the plea hearing before Judge Dinwiddie. Those issues can be distinguished from the challenge presently made by defendant as to the objective truth of the facts allegedly relied upon by Judge Dinwiddie in imposing the life sentence. As remarked by the Supreme Court in the first Babcock appeal, the truth of those matters was not directly in issue and was not passed upon in the first 27.26 proceeding. To this extent, Judge Adams was technically inaccurate in his conclusion that the ground raised in the instant motion was "a ground actually included in his prior motion to vacate."

Nevertheless, the result reached by Judge Adams was essentially correct and must be affirmed for two reasons. In the first place, whether or not the present issue was actually raised in the first post conviction proceeding, it could have been raised at that time. Accordingly, the issue is now barred under Rule 27.26(d) equally as if it had been actually raised in the earlier motion. Franklin v. State, 502 S.W.2d 317 (Mo.1973); Grant v. State, 486 S.W.2d 641 (Mo.1972).

Defendant cannot escape that legal result by the argument which he now advances that no opportunity for relief was available to him until the decision in United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Defendant claims that Tucker established a new rule for the first time permitting post conviction challenge to a sentence as having been induced by consideration of misinformation. In making this contention, defendant exaggerates the innovative scope of the Tucker opinion. Long prior to Tucker, the Su-

preme Court had already held in Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) that a sentence based upon assumptions by the sentencing judge concerning the defendant's criminal record which are materially untrue, constitutes a deprivation of constitutional rights and requires that the sentence be set aside. The Townsend opinion was just as binding upon the Missouri courts at the time of the first 27.26 motion as the Tucker opinion is now. In fact, Townsend was cited but distinguished on grounds not here applicable in State v. Cooper, 403 S.W.2d 619, 621 (Mo. 1966). The Tucker case constituted only a special extension of the Townsend rule to a particular factual situation wholly unlike that of the instant case. Defendant had no need of the Tucker extension and could have relied on the general Townsend rule. See for example State v. Pohlable, 61 N.J. Super. 242, 160 A.2d 647 (1960). All relief to which defendant now contends he is entitled was equally available (if he could prove the necessary facts) in 1969 at the time of the first 27.26 proceeding. His failure to present that issue then bars its consideration now.

■ The second reason for sustaining the order of Judge Adams is that even if defendant's present contention were an open question, the record here conclusively shows that he is entitled to no relief. Defendant's right to set aside the sentence on the theory asserted by him requires a showing that facts presented to the sentencing judge were incorrect, that the sentencing judge demonstratedly relied upon those false facts, and that the defendant had no opportunity to rebut those "facts." Collins v. Buchkoe, 493 F.2d 343–345 (6th Cir. 1974). Here at least two of those three predicates are lacking. Defendant has failed to show that Judge Dinwiddie relied upon the information now claimed to be false. Judge Romjue's finding that "the life sentence was not imposed because of any possible offenses committed by movant after his escape," buttressed by our own reading of the record, shows to the contrary.

■ Moreover, defendant did have a full opportunity at the plea proceedings to rebut any misinformation mentioned by the prosecuting attorney or by Judge Dinwiddie. Rather than challenging any of the facts now placed in question, defendant's counsel affirmatively referred to the same additional charges mentioned by the prosecutors and then went on to invite Judge Dinwiddie to "take into consideration those offenses also in assessing your judgment against these defendants." Furthermore, at the close of all statements by counsel on both sides, Judge Dinwiddie specifically interrogated Babcock if he had any legal reason to show why judgment and sentence should not then be pronounced, to which Babcock answered "No, sir." Defendant, therefore, did have the full opportunity at the original plea hearing to correct any misapprehension on the part of the sentencing judge with respect to his prior record and activities, and that opportunity afforded him all that due process required. State v. Cooper, supra, l.c. 403 S.W.2d 622.

■ The argument portion of defendant's brief in this court introduces an additional argument that a judge in imposing sentence cannot properly take into consideration unproved allegations of criminal conduct. Without regard to any other answer to that argument, the first reason already discussed for overruling defendant's principal point on this appeal applies also to this additional argument. Even assuming that the argument might have had validity if presented on the first 27.26 motion, defendant did not do so. Since no good reason is offered for that failure, the contention is now barred under Rule 27.-26(d).

Affirmed.

All concur.