Anthony Joseph MUNICH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18693.

United States Court of Appeals Ninth Circuit.

April 16, 1964.

S. Carter McMorris, Sacramento, Cal., for appellant.

Cecil F. Poole, U. S. Atty., Alan R. Richfield and Jerrold M. Ladar, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before HAMLEY, MERRILL and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge.

In this proceeding under 28 U.S.C. § 2255 (1958), appellee has moved to dismiss the appeal on the ground that it was not taken within the time prescribed in Rule 73(a), Federal Rules of Civil Procedure, and appellant has moved to augment the record.

*Motion to Dismiss Appeal*

■■ The district court, on January 9, 1963, entered a "Memorandum and Order," the last paragraph of which contains a recital to the effect that the motion to set aside and vacate the sentence is denied. If this was a final decision within the meaning of 28 U.S.C. § 1291 (1958), appellant then had sixty days within which to take an appeal, unless the running of the time for appeal was terminated by a timely motion under Rule 52(b), Federal Rules of Civil Procedure (to amend or make additional findings and to amend judgment), or under Rule 59(a) (for a new trial), or Rule 59(e) (to alter or amend judgment). In order to be timely under any of these rules, such a motion must be made not later than ten days after entry of the judgment.

No such motion was made on or before the tenth day following entry of the order of January 9, 1963, nor was an appeal taken within sixty days of the entry of that order.

■ The order in question, however, contains a final recital reading as follows: "The Government will prepare and lodge appropriate findings and all other documents necessary for the disposition of these proceedings." Appellant apparently understood from this that formal findings of fact and a judgment were to be entered at some later date. This is a reasonable interpretation of the recital and we therefore hold that the order of January 9, 1963 was not a final order.

A form of findings of fact, conclusions of law and order denying the section 2255 motion was thereafter prepared by the Government and lodged with the clerk of the court on February 5, 1963. Appellant apparently then realized that the district court regarded the order of January 9, 1963 as final, and did not intend to sign the newly-lodged documents. Accordingly appellant, on February 6, 1963, filed a motion for a rehearing and a new trial. This motion was denied by an order entered on March 8, 1963. On April 8, 1963 appellant took an appeal from the orders of January 9 and March 8, 1963.

■ Under the circumstances, the order of March 8, 1963, while in form one denying a motion for a rehearing and a new trial, is to be regarded as a final order denying the section 2255 motion. The appeal taken therefrom, filed on April 8, 1963, was timely. The memorandum and order of January 9, 1963 is in effect an opinion of the court in which findings of fact are stated and legal conclusions are expressed.

*Motion to Augment Record*

On February 3, 1964 appellant moved in this court for an order to augment the record on appeal to include the probation report considered by the sentencing court prior to the pronouncement of sentence upon appellant. Without noting that motion for hearing, however, appellant then

proceeded to make a similar motion in the district court, where the motion was heard and denied on March 23, 1963. Appellant then returned to this court, reported the district court action, and filed an affidavit and memorandum in support of his motion here to augment the record. He still did not note the motion for hearing.

The Government then moved to strike the affidavit and memorandum filed by appellant and to dismiss the motion to augment the record. It is the Government's position that the appellant should have asked this court to remand the motion to augment the record to the district court for further proceedings, and that in following a different course the motion to augment became subject to dismissal.

Appellant thereupon noted his motion for hearing in this court and the same has been argued and taken under submission.

■ Where a difference arises between the parties as to whether the record truly discloses what occurred in the district court the procedure, as prescribed in Rule 75(h), is for the parties to submit the difference to the district court for settlement, so that the record may be made to conform to the truth. Belt v. Holton, 90 U.S.App.D.C. 148, 197 F.2d 579. Where, however, anything material to either party is omitted from the record on appeal by error or accident or is misstated therein, it is provided in Rule 75(h) that the correction may be made by the district court or the appellate court, or by stipulation of the parties. All other questions as to the content and form of the record shall, under Rule 75(h), be presented to the court of appeals.

Appellant does not contend that the probation report was before the district court during the section 2255 proceedings. He asserts, in fact, that the district court was asked to consider the probation report in passing upon the section 2255 motion, but declined to do so. It follows that, as to this report, there is no difference between the parties as to whether the record truly discloses what occurred in the district court. Nor was the report omitted from the record by error or accident. While inclusion of the report was requested in the designation of record filed in the district court, failure to include the report was because that document was not in the district court record.

Appellant wants the probation report in the record not because it was before the district court in the section 2255 proceeding, but because he believes it will help us decide whether the district court erred in not receiving and considering that report.

■ This is the kind of question concerning the contents of the record on appeal, which is for determination by this court under the "all other questions" provision of Rule 75(h). For our purposes, therefore, we regard the district court proceedings on the motion to augment as a nullity, and deem the motion properly before us for decision.

■ We think that question can best be decided when the case is argued on the merits. If appellant urged the district court to receive and consider the probation report in the section 2255 proceeding, and if it should be determined that there may be circumstances under which it would be error not to receive and consider such a report, then it might be necessary to remand the proceedings for the purpose of having the report received, perhaps under seal, so that this court could determine whether the error, if any, was prejudicial. For the reasons indicated, however, a remand at this time would be premature. Without a remand, the probation report cannot be made a part of the record because it was not before the district court.

The motion to dismiss the appeal is denied. The motion to augment the record is withdrawn from submission and will be deemed resubmitted when the case is submitted on the merits.