**544**

**UNITED STATES**

v.

**William R. LEACH.**

**Cr. No. 121-62.**

United States District Court

District of Columbia.

June 26, 1964.

David C. Acheson, U. S. Atty., Frank Q. Nebeker and Robert D. Devlin, Asst. U. S. Attys., for the United States.

Max M. Kampelman and Arnold H. Leibowitz, Washington, D. C., for defendant.

CURRAN, Judge.

On April 25, 1963, 115 U.S.App.D.C. 351, 320 F.2d 670, the United States Court of Appeals for the District of Columbia Circuit affirmed the conviction of William R. Leach for robbery. Judge Wright, with Chief Judge Bazelon concurring, remanded the case for a reconsideration of the sentence. Judge Bastian dissented to the remand.

This Court, D.C., 218 F.Supp. 271 carefully reconsidered the sentence imposed, as suggested by the Appellate Court, but left the sentence previously imposed undisturbed because there was no competent evidence of any kind or character immediately prior to, during or after the trial, or prior to the imposition of the sentence, that the defendant Leach was suffering from any mental disorder. A court does not refer a defendant for a psychiatric examination merely because a defendant asks for one. There must be some evidence of a mental disorder at the time the request was made. At the time of Leach's sentence, his counsel advised the Court that he had discussed with Leach his entire background for the purpose of determining whether or not there was sufficient grounds for establishing a prima facie case for mental observation. He then stated there was no prima facie showing, and that the only thing there was, was recidivism. In the face of these representations by competent counsel two Appellate Judges conclude that this Court is guilty of an abuse of discretion in refusing to refer Leach to the Legal Psychiatric Clinic. An order of an appellate court attempting to direct the particular manner for the exercise of a true and purely discretionary function of a trial court is an unwarranted substitution of judgment, and the supposed discretion vested in the trial court is shorn of all its essential characteristics.

█ This Court did not vacate the original sentence, hence there was no reinstatement of the original sentence. It follows, therefore, that the defendant's presence was not required. Judge Wright, in the Court's first opinion, stated,

"It may be that on reconsideration the sentence previously imposed will be undisturbed." 320 F.2d 673.

█ Leach appealed from the action of this Court in leaving the original sentence undisturbed and filed in the Appellate Court a "Motion for Summary Reversal". Chief Judge Bazelon, with Judge Wright concurring, struggling to find an abuse of discretion on the part of the trial court, vacated the original sentence and remanded the case with directions to grant the defendant's request for a mental examination before resentencing. The Appellate Court, by a vote of 5 to 4, denied the Government's motion for a rehearing en banc. In view of the fact that appellate courts have absolutely no power to review sentences this Court agrees with Judge Bastian that the action taken by Chief Judge Bazelon and Judge Wright is of no legal efficacy. However, regardless of this Court's feeling an order of the Appellate Court must be obeyed and, therefore, this Court is referring Leach to the Legal Psychiatric Service.

On January 28, 1964, this Court requested Dr. Reuben S. Horlick, Chief Clinical Psychologist of the Psychological Services Center of the Department of Corrections, for a report on Leach. On February 6, 1964, Dr. Horlick made his report to this Court. In it he stated that their "case analysis" is as follows:

"Subject is a 51 year old, habitual criminal, presently serving his sixth felony conviction. His parents are deceased and there is little verified information about the family background. His parents separated when subject was about 9 years of age and subject's juvenile record began about four years later. Since January, 1932, subject has spent less than six months in the free community. He has been incarcerated in Minnesota (January '32 to May '40); in Pennsylvania (June '40 to December '47); in Georgia (December '47 to March '50); New Jersey (March '50 to July '54); New York (August '54 to August '59); and New Jersey (August '59 to October '61). Needless to say, with this record of incarceration, subject has no significant employment record. From institutional records, subject appears to be a fairly able clerical worker. Subject has above average intelligence on the basis of 1955 testing at Sing Sing. He is quite indifferent to the social consequences of his criminality and will probably obtain one or two more felony convictions before his career is ended."

Dr. Horlick also stated that Leach is presently assigned to the Vocational Training Unit as a Training Committee Clerk, where he maintains records on the progress of all trainees and potential trainees in the various trades training jobs. He also states that Leach's Unit Supervisor reports that he has done an outstanding job in that he has been reliable, conscientious and efficient in the performance of his duties.

Dr. Horlick concludes as follows:

"On the basis of my knowledge and contact with Mr. Leach, it is my opinion that he is of sound mind and is not suffering from any severe mental illness. As far as I know, he has maintained a good disciplinary record and gets along well with the staff and inmate population."

The Court is forwarding Dr. Horlick's report along with its reference to the Legal Psychiatric Service for whatever evaluation the Service may wish to give it.