William R. LEACH, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19211.

United States Court of Appeals
District of Columbia Circuit.

Argued July 20, 1965.

Decided Nov. 3, 1965.

Certiorari Denied Feb. 21, 1966.

See 86 S.Ct. 911.

Mr. David E. Birenbaum, Washington,
D. C., with whom Mr. Max M. Kampel-
man, Washington, D. C. (both appointed
by this court) was on the brief, for ap-
pellant.

Mr. Norman Lefstein, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., at the time brief was filed, and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, and BASTIAN, Senior Circuit Judge, and WRIGHT, Circuit Judge.

BAZELON, Chief Judge:

Over three years ago, when Leach first appeared for sentencing after this robbery conviction, "his lawyer told the court that in the last 31 years, Leach's entire adult life, he had been out of prison only 63 days." Since that appearance, this case has followed a long and discouraging path.

We affirmed the conviction, but we remanded the case to the District judge for a reconsideration of the sentence. We did so because there was "no indication here that the court * * * made use of any of the aids to sentencing placed at its disposal by the Congress of the United States." It also appeared that appellant's request for a mental examination before sentence might not have been considered. Leach v. United States, 115 U.S.App.D.C. 351, 354, 320 F.2d 670, 673 (1963). On remand, and without further investigation, the District Court reinstated the original sentence. United States v. Leach, 218 F.Supp. 271 (D.D.C.

1963). On the second appeal which followed, we again remanded, this time with specific directions to the District Court "to grant the defendant's request for a mental examination before re-sentencing." Leach v. United States, 118 U.S.App.D.C. 197, 203, 334 F.2d 945, 951 (1964). On that remand, after various reports were obtained, the court conducted a hearing on sentencing, 231 F.Supp. 544, and again imposed the original sentence. The case is now before us for the third time.

■■ In imposing a statutorily permissible sentence, a sentencing judge has a wide discretion which will not ordinarily be disturbed on appeal.[1] But the scope of our review of the process by which the sentence is determined is at least broad enough to insure the use of necessary sentencing aids to obtain relevant information.[2] For this task, the material obtained and considered by the judge may be required.[3] Hence we ordered[4] and received a supplemental record containing certain reports and information, earlier referred to by the judge[5] but not previously furnished to this court.

■■ Based upon the entire record now before us, the following appears. On the last remand, the District Court ordered appellant committed to Saint Elizabeths Hospital for examination and a re-

1. See, e.g., Gore v. United States, 357 U.S. 386, 393, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Blockburger v. United States, 284 U.S. 299, 305, 52 S.Ct. 180, 76 L.Ed. 306 (1932); There may, of course, be an abuse of discretion in the imposition of a sentence. United States v. Wiley, 278 F.2d 500 (7th Cir. 1960); United States v. Frank, 245 F.2d 284, 288 (3d Cir.), cert. denied, 355 U.S. 819, 78 S.Ct. 25, 2 L.Ed. 2d 35 (1957).

2. See Leach v. United States, 118 U.S.App. D.C. 197, 203, 334 F.2d 945, 951 (1964); Coleman v. United States, 118 U.S.App. D.C. 168, 334 F.2d 558 (1964) (en banc); Leach v. United States, 115 U.S.App.D.C. 351, 320 F.2d 670 (1963); Peters v. United States, 113 U.S.App.D.C. 236, 307 F.2d 193 (1962). See generally Note, Appellate Review of Sentencing Procedure, 74 YALE L. J. 379, 385–388 (1964).

3. Rule 39(b) (1), FED.R.CRIM.P.; Rule 75(h), FED.R.CIV.P.; see per curiam order, dated Aug. 4, 1964, Bennings v. United States, 120 U.S.App.D.C. 1, 343 F. 2d 283 (1965); Munich v. United States, 330 F.2d 774 (9th Cir. 1964); Klingstein v. United States, 217 F.2d 711, 713 (4th Cir. 1954).

4. Per curiam order, dated Sept. 2, 1965.

5. In his opinion after our second remand in this case, United States v. Leach, 231 F.Supp. 544 (1964), the District judge made reference to a report from the Psychological Services Center of the Department of Corrections and stated that Leach was being referred to the Legal Psychiatric Services (now Legal Psychiatric Division). However, the only report in the record was from Saint Elizabeths Hospital.

port on the defendant's present mental condition and prognosis "so that the Court may, on the basis of this report and other sources, sentence the defendant." [6] Instead of responding with information for that purpose, the Hospital Superintendent addressed himself to a question that was not raised and was irrelevant to the court's inquiry. His response was directed to the defendant's competency to be sentenced and was not even informative for that question since his report consisted only of the usual boiler-plate that "as a result of our examinations and observations it is our opinion that William H. Leach is mentally competent for sentencing." [7]

Appellant was also referred to the Legal Psychiatric Services which reported that "Mr. Leach was very suspicious, evasive, and refused to cooperate in the examination, stating that he didn't see anything in it for him. Consequently, I can form no opinion of his mental status."

Another report was obtained from the Chief Clinical Psychologist of the Psychological Services Center of the Department of Corrections. Appellant's background was briefly discussed, the conclusions derived from various tests were presented, and reports of those familiar with appellant were set out. It was reported that Leach "appears to be a fairly able clerical worker" and that "his unit supervisor reports that he has done an outstanding job in that he has been reliable, conscientious and efficient in the performance of his duties. \* \* \* On the basis of my knowledge and contact with Mr. Leach, it is my opinion that he is of sound mind and is not suffering from any severe mental illness. As far as I know, he has maintained a good disciplinary record and gets along well with the staff and inmate population." [8]

■ While the report from the Department of Corrections does contain some relevant information, none of the three reports provides the kind and amount of detailed information which would enable the sentencing judge to make an informed selection of the disposition that would best serve the interests of the defendant and society.[9]

6. Commitment to Saint Elizabeths Hospital for observation is provided for by D.C. Code § 24–301. Such commitment may be ordered for a determination of questions other than competency to understand the proceedings. Winn v. United States, 106 U.S.App.D.C. 133, 270 F.2d 326 (1959); Calloway v. United States, 106 U.S.App. D.C. 141, 270 F.2d 334 (1959).

7. The need for full information at sentencing was discussed in Williams v. People of State of New York, 337 U.S. 241, 247–251, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). In Whalem v. United States, 120 U.S.App. D.C. 331, 346 F.2d 812, 816 (1965) (en banc), this court noted that in determining competency to stand trial, there may be cases where the circumstances impose a duty upon the trial judge to make a further inquiry after receiving a conclusory report. Accord, Holloway v. United States, 119 U.S.App.D.C. 396, 343 F.2d 265 (1964); Green v. United States, 122 U.S.App.D.C. ——, 351 F.2d 198, 201, decided June 23, 1965, (dissenting opinion). The need for such inquiry is more likely when information is sought with regard to sentencing. "The psychiatric information furnished when the issue is capacity to stand trial is not adequate to decide the issue of appropriate sentence." Remington & Newman, The Highland Park Institute on Sentence Disparity, 26 FED. PROB. 3, 6 (March 1962). "Adequate" information for sentencing was required in Jones v. United States, 117 U.S.App. D.C. 169, 175, 327 F.2d 867, 873 (1963) (en banc).

8. Penologists warn that a prisoner's observance of rules in the structured prison society provides no assurance that his treatment there will teach him to observe the rules in the unstructured free society. See Classification—Thirty Years After, 12 PROGRESS REPORT (Bur. of Prisons) 3, 5 (1964). Cf. Galvin, INSTITUTIONAL TREATMENT OF YOUNGER OFFENDERS 12, 36, 95 (1961). Other treatment may be necessary for that purpose.

9. Some of the numerous alternatives open to the sentencing judge are listed by Remington & Newman, supra, note 7, at p. 3. See generally Kaufman, Enlightened Sentences Through Improved Techniques, 26 FED.PROB. 3 (Sept. 1962).

Among other things, the judge needs to know whether the defendant is suffering from any physical, intellectual or emotional disabilities; if so, how this may affect his behavior; what treatment is indicated; the likelihood of a successful societal adjustment without such treatment; and the effect of various sentences on the defendant's condition, on his chances for rehabilitation, and on his future interaction with society.[10]

■ Notwithstanding the plainly unsatisfactory nature of these reports, there are circumstances which militate against pursuing the matter further. Counsel on appeal did not challenge the adequacy of the reports,[11] because, as he stated at oral argument, his client was "quite hostile" to any further psychiatric examinations. While the defendant's wishes in these matters are not binding upon us, we share his sense of frustration with these proceedings. In light of the foregoing, and the defendant's refusal to cooperate in any further investigations, we think it would be unfair to the defendant, and perhaps a futile exercise, to remand this case and subject him to further examinations. Therefore, we are constrained to follow his wishes.

Affirmed.

BASTIAN, Senior Circuit Judge, concurs in the result.

10. See Brancale, Diagnostic Techniques in Aid of Sentencing, 23 LAW & CONTEMP. PROB. 442, 455 (1958); Policies and Standards for Sentencing Formulated by the District of Columbia Sentencing Institute, 1960, 27 F.R.D. 389; 28 U.S.C. § 334 (1958), cited in Leach v. United States, 118 U.S.App.D.C. 197, 201, 334 F.2d 945, 949 n. 14 (1964); Seminar and Institute on Disparity of Sentences, 30 F.R.D. 401, 435 (1961); Bartholomew, The Psychiatric Report for the Court, [1962] CRIM.L.REV. 19, 26–27. Compare, JUDICIAL CONFERENCE OF THE DISTRICT OF COLUMBIA, REPORT OF THE COMMITTEE ON PROBLEMS CONNECTED WITH MENTAL EXAMINATION OF THE ACCUSED IN CRIMINAL CASES BEFORE TRIAL 118–124 (March 1965).

11. Counsel now argues that we should reconsider our holding with regard to the Jencks Act since a more complete record is presently before us. We finding nothing in the addition to the record which causes us to change our decision in Leach v. United States, 115 U.S.App.D.C. 351, 320 F.2d 670 (1963).