Philip Marion RICE, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 28145
Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1969.

Rehearing Denied Jan. 28, 1970.

Philip M. Rice, pro se.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

■ We have concluded on the merits that oral argument is unnecessary in this case. Accordingly, we have directed the Clerk of Court to place the case on the Summary Calendar and to notify the parties of this fact in writing. See 5th Cir. R. 18; Huth v. Southern Pacific Co., 5 Cir. 1969, 417 F.2d 526; Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

■ Philip Marion Rice appeals from an order of the district court denying his Motion to Vacate Sentence filed under 28 U.S.C. § 2255 (1964). From our review of the record, including the transcripts of Rice's arraignment, we find no clear error in the findings of the district court. We observe in passing that Rice's guilty plea waived prior nonjurisdictional defects because the record shows it to have been voluntarily and understandingly made. Therefore, for the reasons stated by District Judge Seals in his memorandum opinion reprinted here, we affirm the judgment of the district court. See Todd v. United States, 5 Cir. 1969, 418 F.2d 134 [Nov. 4, 1969].

## UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS CORPUS CHRISTI DIVISION

PHILIP M. RICE
VS. CIVIL ACTION NO. 68–C–118
UNITED STATES OF AMERICA

Filed: May 16, 1969

*MEMORANDUM AND ORDER*

This case is before the court today on petitioner's motion pursuant to 28 U.S. C.A. § 2255 to vacate the sentences imposed by this court in Criminal Nos. 67–C–36 and 68–C–6.

Petitioner first appeared before this court on January 24, 1968, for arraignment. Mr. Paul Fly, an attorney of this court, was appointed in his behalf. Petitioner pleaded guilty to the charge of in-terstate transportation of falsely made and forged securities in Criminal No. 67–C–36. Since petitioner indicated a desire to have a similar charge in Indiana handled in Corpus Christi, he and his attorney appeared again on February 28, 1968, for arraignment in the case which had been numbered 68–C–6 after transmittal of the papers from the Southern District of Indiana pursuant to Rule 20, Federal Rules of Criminal Procedure. Both pleas of guilty were accepted by the court and a sentence of ten years was imposed under 18 U.S. C.A., § 4208(a) (2) in each case, the sentences to run concurrently.

Petitioner's motion appears to allege the following eight grounds for relief:

(1) Mental incompetency at the time of the arraignment.

(2) Inadequate counsel.

(3) Wrongfully held without bail.

(4) Failure to take defendant before magistrate.

(5) Failure to provide counsel during incarceration.

(6) Indictment specified wrong offense.

(7) Failure to show indictment to defendant before arraignment and

(8) Prejudice of the trial court.

■ Before considering these contentions, it should be mentioned that throughout his motion to vacate, petitioner makes reference to his mental condition at the time of his offenses. This court is of the opinion that such issues cannot be raised in a Section 2255 motion. Hunter v. United States, 409 F.2d 1203 (5th Cir., 1969).

■ However, petitioner also argues that he was mentally incompetent at the time of his arraignment and sentencing and that he was, therefore, unable to understand the proceedings against him. In order to prevail on this point, the record must reflect that this court was presented with sufficient facts to believe that the petitioner's mental condition was so suspect as to require

this court to order a psychiatric examination. Requesting such an examination is within the discretion of the court and petitioner must show that the evidence of his incompetence was so strong that the court abused its discretion in refusing to inquire further into petitioner's competency to stand trial.

■ Just exactly what "quantum of evidence" requires a judge to order a mental examination cannot be determined with weights and measures. But the courts have attached importance to certain objective tests. For instance, if the petitioner appears to have a long history of erratic and disturbed behavior, if he states that he has been a patient in many hospitals for treatment of nervous or mental diseases, then the "quantum of evidence" is normally said to have been reached. This petitioner presented only one fact at his arraignment which would have indicated any mental problem. He stated that in 1961 or 1962 he was committed to the Richmond State Hospital in Virginia after some sort of insanity plea to a criminal charge. Although this plea was accepted by the court, it appears that he spent only eighteen days in the hospital and was discharged. This is the only objective evidence presented to this court at petitioner's arraignment and sentencing that he was incompetent to stand trial. Such does not amount to a "quantum of evidence" which is so strong that the court abused its discretion in refusing to order a psychiatric examination.

See Johnson v. United States, 344 F.2d 401 (5th Cir. 1965) (Brown, J.)

Manning v. United States, 371 F.2d 811 (10th Cir.,), cert. denied, 387 U.S. 924, 87 S.Ct. 2041, 18 L.Ed.2d 980 (1967);

Rhay v. White, 385 F.2d 883 (9th Cir. 1967)

United States v. Leach, 231 F.Supp. 544 (D.D.C. 1964), affirmed, 122 U.S.App.D.C. 280, 353 F.2d 451 (1965),

cert. den., 383 U.S. 917, 86 S.Ct. 911, 15 L.Ed.2d 672 (1966).

This conclusion is bolstered by the fact that petitioner repeatedly stated that he was competent and that he wanted to plead guilty. The record of the arraignment and sentencing shows that defendant's chief trouble was alcohol (Tr. p. 8, Line 23). However, he stated that he fully understood what he was doing at the arraignment and sentencing (Tr. p. 15, Lines 15–21 and p. 28, Lines 18–25).

■ The court found that the defendant was mentally competent at the arraignment and sentencing. There was no objection either by the defendant or his attorney. It is clear to the court now after reading the record of the arraignment and sentencing, and it was clear to the court at the time of the arraignment and sentencing, that the defendant fully understood the nature of the proceedings and that he could and did cooperate with his counsel in every respect and, therefore, the court felt at that time and feels now that there was no necessity to have a psychiatrist examine the defendant or conduct any further hearing on the matter.

When the defendant filed his motion to vacate the sentence, the court out of an abundance of caution had the defendant examined by a psychiatrist in the United States Penitentiary in Leavenworth. The psychiatrist's report reflects that he was of the opinion that the defendant was competent at the time of the arraignment and sentencing.

For these reasons, the court considers petitioner's first contention to be without merit.

■ In regard to petitioner's second ground, the transcript of petitioner's arraignment and sentencing makes it clear that the petitioner's court appointed counsel was not so imcompetent as to render the proceedings a farce or a mockery of justice. See Williams v. Beto, 354 F.2d 698 (5th Cir. 1965). Petitioner states that competent counsel would have advised him not to plead

guilty in view of his history of mental incompetency. However, the record reflects that Mr. Fly was concerned with petitioner's mental problems and that Mr. Fly presented to the court petitioner's desire to be placed in a federal rather than state penitentiary so that psychiatric help might be made available. Petitioner also argues that competent counsel would have insisted on more than thirty minutes to confer and become acquainted with the facts. But again the record shows that the petitioner was carefully questioned regarding his desire to proceed with the arraignment at that time. Petitioner also worked with his attorney during the time between the arraignment in Cr. 67–C–36 and the arraignment in Cr. 68–C–6—a period of thirty-four days. Moreover, the court specifically asked petitioner if he had been given "time to go over the case with him fully and inform him of everything". Petitioner answered "yes". The record also reflects that petitioner stated in open court that he was satisfied with his counsel. This second ground for relief is without merit.

Petitioner's next three points involve the denial of his rights after his arrest and incarceration. The record shows that petitioner was arrested in Arkansas in November of 1967 and upon a waiver of removal hearing, he was transferred to Corpus Christi where he appeared in February of 1968. He alleges that during this period he was not taken before a United States Commissioner, that bail was not set in his case and that he was denied the assistance of counsel. Regardless of the truth of these contentions, it is clear that petitioner waived these rights when he pleaded guilty. Busby v. Holman, 356 F.2d 75 (5th Cir. 1966); United States v. Miller, 293 F.2d 697 (2d Cir. 1961).

Petitioner also urges that the *indictments specified the wrong offense* and that he is not guilty of the charges as they were formed in the indictment. *Busby*, supra, makes it clear that petitioner has waived any such defects. See also, Gregori v. United States, 243 F.2d 47 (5th Cir. 1957); Brassell v. United States, 223 F.2d 259 (5th Cir. 1955); Elchuk v. United States, 296 F.2d 723 (5th Cir. 1961).

Petitioner also claims he was never presented with a copy of the indictment in Criminal No. 68–C–6. The record expressly shows, however, that petitioner was fully aware of the charges made in that indictment. The court's questioning revealed that petitioner's counsel had received a copy of the indictment and that he had explained it to the petitioner. At any rate the Fifth Circuit has held that the failure to provide copies of an indictment to the defendant is not subject to collateral attack. Ray v. United States, 192 F.2d 658, 659 (5th Cir. 1951).

Lastly, petitioner claims that the court displayed prejudice toward him because he was an alcoholic and wrote bad checks. The transcript is devoid of any such inferences. In fact, the record shows that the court tried in every respect to give the defendant time and help in disposing of several other felonies. The record shows that the court was convinced of his alcoholism and recommended that he be confined in a hospital type institution. Furthermore, the court sentenced the defendant under 18 U.S.C. § 4208(a) (2) which was designed to encourage the defendant *to change his way of life and be rehabilitated.*

It is, therefore, ordered, adjudged, and decreed that petitioner's motion to *vacate his sentence is in all respects* denied.

The clerk will file this Memorandum and Order and provide true copies to the petitioner, the United States Attorney, and Mr. Paul Fly.

Done this 16th day of May, 1969, at Corpus Christi, Texas.

(Signed) WOODROW SEAL
United States District Judge