**James Daniel VICARS, #87420, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 73–2739**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1973.

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

James Daniel Vicars, pro se.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., William F. Sanderson, Jr., Asst. U. S. Atty., Dallas, Tex., for respondent-appellee.

Before BELL, GODBOLD and GEE, Circuit Judges.

PER CURIAM:

The District Court did not err in denying appellant's § 2255 petition without an evidentiary hearing.

Some of the asserted grounds do not rise to constitutional dimension: illegal search and interrogation and manhandling during search, not alleged to have resulted in the seizure of evidence or the giving of any inculpatory statement; perjury by a paid informer's denial that he was paid; sale of drugs by an informer to a codefendant.

Alleged prejudice from the bizarre behavior of a codefendant during trial was decided adversely to appellant on direct appeal, United States v. Vicars, 467 F.2d 452 (CA5, 1972).

The allegation of appellant that he was taking (undescribed) drugs during the trial which rendered him incompetent to assist his counsel in his defense was merely general and conclusory, see United States v. Rice, 420 F.2d 863 (CA5), cert. den., 398 U.S. 910, 90 S.Ct. 1705, 26 L.Ed.2d 70 (1970), and the judge below was the judge who had conducted the merits trial and during the lengthy trial (at which appellant was represented by retained counsel) no mention had been made of incapacity to assist in defense, and, over an extended period, the trial judge had observed appellant's demeanor and appearance, see Smith v. United States, 431 F.2d 565 (CA5, 1970). It was not error to deny an evidentiary hearing on this contention. In United States v. Collier, 399 F.

2d 705 (CA7, 1968), relied upon by appellant, the trial judge had notice at trial that there was a question of the defendant's competency, raised by the introduction of documents that tended to show that at an earlier time he suffered a mental disorder or disability.

Several other grounds are presented in brief that were not raised with the court below, and we will not consider them.

Affirmed.