113 F.3d 1243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
KEN INTERNATIONAL CO., LTD., a Japanese corporation,
Defendant-Appellee,
v.
Ken MIZUNO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ken MIZUNO, Defendant-Appellant,
v.
KEN INTERNATIONAL CO., LTD., and Kengo Ohashi as
Administrator of the Bankruptcy Estates,
Defendant-Appellee.
UNITED STATES of America, Plaintiff-Appellee,
v.
KEN INTERNATIONAL CO., LTD., a Japanese corporation, Defendant,
Ken Mizuno, Petitioner-Appellant.
In re Ken MIZUNO, Debtor.
Ken MIZUNO, Appellant,
v.
Duke SALISBURY, Chapter 11 Trustee, Trustee for the
Bankruptcy Estate of Ken Mizuno, Appellee.
 Nos. 95-10225, 95-10390, 95-10435 and 95-56130.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted June 10, 1996.
Submission Vacated Sept. 6, 1996.
Resubmitted Oct. 8, 1996.*
Decided May 2, 1997.
As Amended on Denial of Rehearing June 9, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CR-93-00263-PMP, Philip M. Pro, District Judge, Presiding in cases 95-10225, 95-10390 and 95-10435.
 Before: Chief Judge HUG, Judges SCHROEDER and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Ken Mizuno is a Japanese citizen who allegedly conspired with Ken International Co., Ltd., ("KI") a Japanese corporation of which Mizuno owned 100%, to defraud Japanese citizens by overselling golf course memberships in a Japanese country club. The scheme yielded approximately $800,000,000, of which about $260,000,000 found its way into the United States. In April 1992, Mizuno and KI were declared bankrupt in Japan, and Kengo Ohashi was appointed administrator of their Japanese bankruptcy estates. Ohashi then filed involuntary bankruptcy petitions in the United States for both Mizuno and KI; Ohashi also consented to the order for relief on behalf of Mizuno. Ohashi was further authorized by the Japanese and United States bankruptcy courts to plead guilty on KI's behalf to transportation in foreign commerce of fraud proceeds (18 U.S.C. § 2314); money laundering (18 U.S.C. § 1956(a)(1)); and engaging in monetary transactions in property derived from specified unlawful activity (18 U.S.C. § 1957). As part of the plea, KI agreed to forfeit its assets; Mizuno asserted an interest in KI's forfeited property. We confront four consolidated appeals arising from the Mizuno/KI bankruptcy and forfeiture proceedings.
 
 I. Appeal No. 95-56130
 
 3
 On June 29, 1992, Mizuno filed a Motion to Vacate the Order for Relief with the bankruptcy court. Mizuno challenged the validity of the formation of the United States Mizuno Bankruptcy Estate, contending that Ohashi could not consent to the involuntary petition and contesting Ohashi's failure to give notice. On October 7, 1992, the bankruptcy court entered a two-paragraph Order Denying Motion to Vacate Order for Relief. The first paragraph denied the motion and the second expressed the court's intention to file a memorandum of decision explaining its findings and conclusions within 60 days, which was never done. Two and a half years later, Mizuno appealed from the October 1992 order. The district court for the Central District of California dismissed the appeal as untimely. We affirm.
 
 
 4
 The October 7, 1992 order was final. To be final, an order must constitute a complete act of adjudication disposing of all the issues before the court at the time. Slimick v. Silva (In re Slimick), 928 F.2d 304, 307 (9th Cir.1990). The finality of the order's language indicates that the judge intended the disposition to be final, as does the judge's and parties' conduct.[1] See id. at 308.
 
 
 5
 Mizuno argues that Munich v. United States, 330 F.2d 774 (9th Cir.1964), and Maddox v. United States, 303 F.2d 910 (9th Cir.1962), mandate that orders cannot be final if on their face they refer to future filings by the court or counsel. Slimick distinguished these precedents, however, characterizing them as holding that an order is not final if, on its face, its finality is contingent upon some future action. 928 F.2d at 308 & n. 4. We presume that an order is not conditional unless the court clearly states that it is such. Id. at 308. The order in this case does not suggest that its finality is contingent upon some later event. Although the second paragraph expresses an intention to file a memorandum explaining the reasoning underlying the order, the future filing of a memorandum or opinion is "not inconsistent with the finality of the judgment." Johnson v. Wilson ( In re Mina Gold Mines Co.), 118 F.2d 557, 558 (9th Cir.1941) (bankruptcy court's order granting judgment and reserving jurisdiction to later file an opinion was final and appealable).
 
 
 6
 Mizuno also argues that the order cannot satisfy the "separate document" rule of Bankr.R. 9021, since it is a single document; thus, he argues, the time for appeal has still not commenced. However, "[t]he separate judgment rule does not always require the filing of two separate documents." In re Schimmels, 85 F.3d 416, 421 (9th Cir.1996). A brief order, like the one in this case, which does not also contain a memorandum or opinion, can satisfy the separate document rule. Id. at 420-21.
 
 II. Appeal No. 95-10225
 
 7
 In October 1993, the Nevada district court entered its order of forfeiture of KI's assets pursuant to the plea agreement. Upon receiving notice of KI's forfeiture, Mizuno asserted a legal interest in the forfeited property and "petition[ed] the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). The bankruptcy court found that this petition in Nevada court violated the automatic stay and enjoined Mizuno from asserting any interest in the forfeited property. The government filed a motion to dismiss Mizuno's petition. Mizuno appealed from the bankruptcy court's order, which the California district court ultimately vacated; in the meantime, however, the Nevada district court denied Mizuno's § 853(n) petition and granted the government's motion to dismiss. Mizuno appeals the Nevada court's action and we affirm.
 
 
 8
 Mizuno contends the Nevada district court violated his due process rights by refusing to stay the forfeiture case pending resolution of the bankruptcy appeal. But Mizuno had no standing to personally challenge the forfeiture. Any property belonging to Mizuno became the property of the United States Mizuno Bankruptcy Estate as of June 1992 and thus the estate would be the proper party to challenge the forfeiture.
 
 
 9
 Mizuno argues that he had standing because the California district court later found that Ohashi was neither the trustee nor debtor in possession of the United States Mizuno Bankruptcy Estate. Even assuming that Mizuno was the debtor in possession, our analysis does not change because Mizuno did not petition on behalf of the estate. Mizuno argues that some of the forfeited property never became part of the bankruptcy estate, because the acts giving rise to the forfeiture occurred before the bankruptcy estate was created. He contends that 21 U.S.C. § 853(c) vests title in the United States as of the date of the commission of the offense. This argument fails because § 853(c) does not "make[ ] the Government an owner of property before forfeiture has been decreed." United States v. 92 Buena Vista Avenue, Rumson, N.J., 507 U.S. 111, 124 (1993) (interpreting 881(h), which is identical in relevant part to § 853(c)). At the time the court entered the tentative order of forfeiture in June 1993, the property, if it ever belonged to Mizuno personally, was already a part of the United States Mizuno Bankruptcy Estate.
 
 
 10
 Because Mizuno lacked standing to assert an interest in the forfeited property, the district court also did not err in failing to inform him that: (1) it would not wait for an appellate decision, or (2) it was going to reach the merits of the government's motion to dismiss.
 
 
 11
 Mizuno contends the district court erred by failing to make a Fed.R.Crim.P. 11(f) inquiry as to whether there was a factual basis for KI's forfeiture of the property pursuant to the plea agreement. This was not error, since the court was under no obligation to make such an inquiry. Libretti v. United States, 116 S.Ct. 356, 364-65 (1995).
 
 
 12
 The district court did not err by permitting KI's forfeiture without either a civil in rem forfeiture proceeding directed against the property or a criminal in personam forfeiture proceeding directed at the property's owner. Section 853(a) contemplates such a forfeiture. See 21 U.S.C. 853(a) (providing for forfeiture of certain property on conviction, as ordered by the sentencing court). Moreover, to the extent Mizuno attempts to set aside KI's plea in the context of this appeal, § 853(k) precludes him from doing so.
 
 III. Appeal No. 95-10390
 
 13
 In the Nevada district court, Mizuno next filed a Verified Petition of Next Friend for a Writ of Error Coram Nobis on behalf of KI, attempting to vacate KI's conviction and related orders because Ohashi lacked authority to enter KI's guilty plea and because KI's criminal counsel suffered from a conflict of interest. The Nevada court dismissed the petition, finding Mizuno lacked standing to represent KI as next friend and also that Mizuno lacked jus tertii standing to bring the petition. We affirm.
 
 
 14
 To be granted next friend status, a party must demonstrate "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." Whitmore v. Arkansas, 495 U.S. 149, 165 (1990). The next friend must demonstrate that he is truly dedicated to the best interests of the party sought to be represented. Id. at 163.
 
 
 15
 We are aware of no case where an individual has been allowed to proceed as next friend of a corporation; a corporation can never be incompetent or incapable of representing itself. Moreover, although shareholder derivative lawsuits have been likened to a next friend suit, see Koster v. (American) Lumbermens Mut. Casualty Co., 330 U.S. 518, 522-23 (1947), a former shareholder like Mizuno cannot bring a shareholder derivative suit, Lewis v. Chiles, 719 F.2d 1044, 1047 (9th Cir.1983), and thus the analogy does not aid Mizuno. Finally, Mizuno has failed to demonstrate that he is dedicated to KI's best interest. The district court correctly denied Mizuno next friend standing.
 
 
 16
 To establish jus tertii standing, Mizuno must prove he has suffered an injury-in-fact and that prudential considerations identified in prior cases would permit him to advance KI's claim. Caplin & Drysdale v. United States, 491 U.S. 617, 623-24 n. 3 (1989). Prudential considerations include: (1) the relationship between Mizuno and KI; (2) KI's ability to advance its own rights; and (3) the litigations' impact on third-party interests. Id.
 
 
 17
 We see no reason that Mizuno's past ownership of 100% of KI's stock constitutes the relationship of "special consequence" that is necessary for jus tertii standing. Cf. id. Moreover, Mizuno has failed to demonstrate that KI is unable to advance its own rights. Mizuno argues that Ohashi had a conflict of interest; however, the Japanese bankruptcy court made Ohashi the sole shareholder of KI (hence he was qualified to select KI's counsel) and specifically authorized Ohashi to plead guilty for the corporation. We are in no position to second guess the Japanese court on this issue. See Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709, 713 (2d Cir.1987) ("American courts have long recognized the particular need to extend comity to foreign bankruptcy proceedings."). Finally, Mizuno has not demonstrated that it is necessary to allow him to advance the litigation because of its impact on third party corporations that are similarly situated to KI. Thus, the district court properly denied jus tertii standing.
 
 
 18
 Mizuno contends he can pursue the petition on his own behalf because he was directly harmed by KI's guilty plea. The right to coram nobis relief, however, belongs only to the wrongfully convicted, not to a third party. Estate of McKinney v. United States, 71 F.3d 779, 783 (9th Cir.1995).
 
 IV. Appeal No. 95-10435
 
 19
 Mizuno filed a Motion for New Trial or, in the alternative, a Motion for Relief from Judgment, seeking relief from the district court's earlier order dismissing his § 853(n) petition. The court denied the motion, and we lack jurisdiction to review its decision.
 
 
 20
 Although Mizuno argues that his motion should be treated as one for new trial pursuant to Fed.R.Crim.P. 33, we find that it is properly characterized as a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b). A third party proceeding to amend a forfeiture order is civil in nature, not criminal. See United States v. Alcaraz-Garcia, 79 F.3d 769, 772-3 n. 4 (9th Cir.1996).[2]
 
 
 21
 "To seek Rule 60(b) relief [when a notice of appeal has been filed], 'the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case.' " Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984). When, as here, the district court denies the request to entertain the motion, the district court's order is not appealable. Id.
 
 
 22
 In sum, we affirm the decisions of the district courts in Appeals Nos. 95-10225, 95-10390, 95-10435, and 95-56130. In addition, Mizuno's Motion to Supplement the Record, or, in the Alternative, to Take Judicial Notice, is denied.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mizuno's motion to vacate challenged the very legitimacy of the bankruptcy estate. Yet, for two and a half years after the order was entered, the bankruptcy proceeded in a normal fashion
 
 
 [2]
 It would make little sense to apply the standards for a new trial under Rule 33 to Mizuno's action, since Rule 33 requires the discovery of new, material evidence that indicates a new trial would probably result in an acquittal. United States v. Sitton, 968 F.2d 947, 959-60 (9th Cir.1992), cert. denied, 506 U.S. 979 (1993)