**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4376**

─────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

BAXTER WORTH PASCHAL, JR.,

                              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (1:05-cr-00383-NCT)

─────────────

Submitted:  November 15, 2006          Decided:  January 3, 2007

─────────────

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Baxter Worth Paschal, Jr., appeals from his conviction pursuant to a guilty plea to endeavoring to obstruct and impede the due administration of the internal revenue laws, in violation of 26 U.S.C. § 7212(a) (2000). Paschal's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising the issue of whether Paschal's sentence was reasonable. Paschal was given an opportunity to file a supplemental pro se brief, and has made numerous allegations regarding his conviction and sentence. Because our review of the record discloses no reversible error, we affirm.

Paschal's first issue on appeal is that his sentence is unreasonable, contending that the district court's findings were based on "insufficient and inadequate allegations and proof." Paschal alleges that the district court relied on the "inaccurate" testimony of IRS Agent Thomas Beers, who was "incompetent" to testify because he lacked accurate personal knowledge of the events and admitted that he did not bring the necessary documents to the hearing.

This court reviews the imposition of a sentence for reasonableness. United States v. Booker, 543 U.S. 220, 260-61 (2005); United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, courts must calculate the appropriate

guideline range, making any appropriate factual findings. <u>United States v. Davenport</u>, 445 F.3d 366, 370 (4th Cir. 2006). The court then should consider the resulting advisory guideline range in conjunction with the factors under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and determine an appropriate sentence. <u>Davenport</u>, 445 F.3d at 370. A post-<u>Booker</u> sentence may be unreasonable for procedural and substantive reasons. "A sentence may be procedurally unreasonable, for example, if the district court provides an inadequate statement of reasons. . . . A sentence may be substantively unreasonable if the court relies on an improper factor or rejects policies articulated by Congress or the Sentencing Commission." <u>United States v. Moreland</u>, 437 F.3d 424, 434 (4th Cir.) (citations omitted), <u>cert. denied</u>, 126 S. Ct. 2054 (2006). However, a sentence within the proper advisory guidelines range is presumptively reasonable. <u>United States v. Green</u>, 436 F.3d 449, 457 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 2309 (2006).

At sentencing, Paschal failed to object to the calculation of the guideline range as laid out in the pre-sentence report. The district court imposed a sentence of sixteen months' imprisonment, which is within the advisory guideline range of twelve to eighteen months and is, therefore, presumptively reasonable. <u>See</u> <u>Green</u>, 436 F.3d at 457. Paschal has made no showing that the sentence is procedurally or substantively unreasonable. The district court judge clearly laid out his

reasoning, pursuant to 18 U.S.C. § 3553(c) (2000), stating that he was ready to sentence Paschal at the low end of the guidelines, but added four months of imprisonment due to Paschal's continued attempts to minimize his criminal participation.

While IRS Agent Beers admitted that he did not prepare to be on the stand, he was called to testify only after the district court requested further evidence following Paschal's letter, which the court deemed to be an evasion of responsibility for the offense. Agent Beers testified at length on the investigation and his meeting with Paschal. Paschal was given an opportunity to respond to Beers' testimony. The district court's determination that Beers was a credible witness is not reviewable on appeal. See United States v. Hobbs, 136 F.3d 384, 390 n.11 (4th Cir. 1998); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). As such, the district court's decision to impose a sentence in the middle of the guideline range was reasonable in light of the testimony and evidence presented.

Paschal next asserts that there was insufficient evidence to support his guilty plea. A defendant's statements at a Fed. R. Crim. P. 11 hearing are presumed to be true. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). A knowing and voluntary guilty plea constitutes an admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969) (Rule

11 requires the judge to determine that there is a factual basis for the plea).

During the Rule 11 proceeding, the district court addressed Paschal directly and made a detailed description as to the elements of the crime charged and the proof necessary for conviction. Paschal stated that he understood the nature of his plea, and after conferring with his counsel, reaffirmed that he had no questions as to the plea he was entering. Paschal also stated that he had reviewed the factual basis statement with his attorney, and that except for a "relatively minor point of disagreement," the facts were stated accurately. Paschal now contends that he did not know that certain documents, described as 433 forms, were going to be submitted to the IRS, and that he "withdrew" the forms once he discovered this fact. However, these assertions are contradicted by the facts agreed to by Paschal as part of his plea agreement, as well as the testimony of Agent Beers.

Paschal also contends that the 433 forms that were submitted to the IRS were "not within the purview of 26 U.S.C. § 7212," and that the statute requires "corruptive" behavior that impedes administration of internal revenue laws. However, the offense of corruptly obstructing or impeding administration of internal revenue laws also includes fraud and misrepresentation as charged in this case. See United States v. Mitchell, 985 F.2d 1275, 1278-79 (4th Cir. 1993).

Paschal's third allegation on appeal is that his trial counsel was ineffective for pressuring him to enter a guilty plea, failing to prepare properly for the sentencing hearing, incorrectly advising Paschal as to the sentence he would receive, and preventing the district court from timely reviewing the mitigating evidence by mailing it to the wrong address. However, a claim of ineffective assistance of counsel should be raised in a 28 U.S.C. § 2255 (2000) motion with the district court, rather than on direct appeal, unless the record conclusively demonstrates ineffective assistance. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) (internal citations and quotations omitted). Such a claim cannot be raised on direct appeal where the appellant has not raised the issue before the district court, as it is unfair to consider the issue prior to any statement from counsel on the record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). The record in this case does not conclusively demonstrate that counsel was ineffective, and therefore we decline to consider Paschal's ineffective assistance of counsel claims on direct appeal.

Paschal's fourth contention is that the district court failed to consider the mitigating evidence submitted at the hearing, specifically letters that were written on his behalf. While Paschal's attorney failed to submit these letters prior to the hearing, the court did accept them for consideration at the

hearing. It is clear from the record that the letter Paschal wrote was reviewed by the district court; however, such consideration ultimately was to his detriment, as the district court stated that it would have "reluctantly" accepted the Government's recommendation of twelve months' imprisonment absent the letter. While the transcript does not give any indication as to whether the district court actually read the letters submitted by Paschal's son and former wife, the court did accept all of the letters for consideration. The district court stated that it was taking Paschal's letter into consideration as part of its assessment under § 3553(a), and it gave Paschal an additional opportunity to address the court on the issue of mitigation. See Klingstein v. United States, 217 F.2d 711, 713 (4th Cir. 1954) (despite allegation that judge did not read letters offered in mitigation, defendant properly was given an opportunity to offer evidence and address the court). Thus, Paschal has failed to demonstrate that the district court did not consider the mitigating evidence submitted in this case.

Paschal's final contention is that the preponderance of evidence standard used for sentencing determinations should not apply in his case, and the higher "clear and convincing evidence" standard should be imposed under the "special circumstances" of his case. However, this court has authoritatively determined that sentencing decisions made on the preponderance of the evidence

comport with the requirements of the Sixth Amendment.  <u>See</u> <u>United</u> <u>States v. Morris</u>, 429 F.3d 65, 71 (4th Cir. 2005), <u>cert. denied</u>, 127 S. Ct. 121, 75 U.S.L.W. 3167 (U.S. Oct. 2, 2006) (No. 05-11378); <u>see also</u> <u>United States v. Okai</u>, 454 F.3d 848, 852 (8th Cir. 2006) (preponderance of evidence standard does not violate due process requirements).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal.  We have considered the arguments asserted in the <u>pro</u> <u>se</u> brief submitted by Paschal and find them to be without merit.  We therefore affirm Paschal's conviction and sentence.  This court requires counsel to inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>